SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BROOKE SIKORA PURCELL, Cal. Bar No. 260058
LUIS ARIAS, Cal. Bar No. 317819
SHAYLA M. GRIFFIN, Cal. Bar No. 339821
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        bpurcell@sheppardmullin.com
              larias@sheppardmullin.com
              smgriffin@sheppardmullin.com

Attorneys for Defendant
ACE HARDWARE CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOLAK DHALIWAL,<br><br>                Plaintiff,<br><br>        v.<br><br>ACE HARDWARE CORPORATION, a Delaware corporation; DOUG WOODMANSEE, an individual; and DOES 1 through 100, inclusive,,<br><br>                Defendants. | Case No.<br><br>**DEFENDANT ACE HARDWARE CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO THE CLASS ACTION FAIRNESS ACT**<br><br>*[Removed from Placer County Superior Court Case No. S-CV-0047279]*<br><br>Complaint Filed: September 8, 2021<br>FAC Filed: December 2, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Ace Hardware Corporation ("Ace"), hereby removes the action *Amolak Dhaliwal v. Ace Hardware Corporation*, Doug Woodmansee, and Does 1 through 100, pending in the Superior Court of California, County of Placer, Case No. S-CV-0047279, to the United States District Court for the Eastern District of California. Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiff Amolak Dhaliwal's ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1453, and 1446, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. As set forth below, removal is proper for the following reasons:

**I.    STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

1.    CAFA was enacted on February 18, 2005. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2.    This Court has jurisdiction over this case pursuant to CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), since it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant. Each of these conditions were satisfied at the time this action was initiated and now at the time of removal.

3.    CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens, (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or (3) at least one

plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d).

4.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    CLAIMS AND PROCEDURAL HISTORY

5.      On September 8, 2021, Plaintiff commenced this action by filing a putative class action complaint (the "Complaint") against Defendants on behalf of himself and other current and former non-exempt employees of Ace.  On September, 28 2021, Plaintiff served a copy of the Complaint, Summons, Civil Case Cover Sheet, and notice of Case Management Conference on Defendant.  True and correct copies of these State Court pleadings and papers are attached hereto as **Exhibits A-D.**

6.      On November 3, 2021, Ace filed its Answer to the Complaint in Placer County Superior Court and served its Answer on Plaintiff that same day.  A true and correct copy of Ace's Answer to the Plaintiff's Complaint is attached hereto as **Exhibit E.**

7.      Plaintiff's Complaint asserts claims for relief arising out of his employment with Ace, including: (1) Failure to pay overtime wages; (2) Failure to pay minimum wages; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to pay all wages due upon termination of employment; (6) failure to provide accurate wage statements; (7) Violation of Labor Code under § 227.3; and (8) Violation of Labor Code section §17200. (Complaint., **Exhibit A**).

8.      Plaintiff's Complaint is styled as a putative class action under Code of Civil Procedure § 382.  Plaintiff seeks to represent a putative class of all current and former non-exempt employees of Defendants within the State of California at any time within the State of California at any time commencing four years preceding the complaint until present. (Complaint, ¶ 23).

9.      On November 11, 2021, Defendant filed a Notice of Related Cases.  A true and correct copy of Ace's Notice of Related Cases in this action is attached hereto as **Exhibit F.**

10.     On December 17, 2021, Defendant also filed a Case Management Statement in the Dhaliwal action.  A true and correct copy of Ace's Case Management Statement in the Dhaliwal action is attached hereto as **Exhibit G.**

11.     On December 2, 2021, Plaintiff filed a First Amended Complaint ("FAC") in Placer County Superior Court.  Plaintiff added a PAGA claim against Defendant, in addition to the eight causes of action set forth in paragraph 7.  A true and correct copy of Plaintiff's December 2, 2021, FAC is attached hereto as **Exhibit H.**

12.     On January 4, 2022, Ace filed its Answer to the FAC in Placer County Superior Court and served its Answer on Plaintiff that same day.  A true and correct copy of Ace's Answer to Plaintiff's FAC is attached hereto as **Exhibit I.**

13.     A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of Placer.  **Exhibits A – I.** contain all "process, pleadings, and orders" served on Ace in accordance with 28 U.S.C. § 1446(a). No other proceedings have been held in this action.

**III.    JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED**

14.     Under CAFA, a removing defendant is not required to submit evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions.").  Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist." *Id.* at 554.  Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias v. Residence Inn by Marriott,* 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis of removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

15.     The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read

'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'." *Id.* Following *Dart Cherokee,* the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 ***broadly in favor of removal….*" *Jordan v. Nationstar Mortg. LLC,* 781 F.3d 1178, 1184 (9th Cir. 2005) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2005) ("Congress intended CAFA to be interpreted expansively").  In *Bridgewell-Sledge v. Blue Cross,* 798 F.3d 923 (9th Cir. 2005), the Ninth Circuit held that under *Dart Cherokee,* the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.,* 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

### A. The Case Is a Proposed Class Action with a Putative Class of At Least 100 Members

16.     This action has been styled as a California class action under California Code of Civil Procedure § 382.  (FAC, ¶ 41.)  Code of Civil Procedure § 382 authorizes an action to be brought by one or more representative person as a class action.

17.     28 U.S.C.  §  1332(d)(5) does not permit CAFA jurisdiction in cases where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or…the number of members of all proposed plaintiff classes in the aggregate is less than 100."

18.     Ace is neither a state, state official, nor a governmental entity.

19.     On the basis of its own investigation, Ace determined there are more than 100 current and former non-exempt employees in California during the class period of this Complaint.   Therefore, Plaintiff's proposed class of non-exempt former and current employees consists of at least 100 members now at the time of removal and at the commencement of this civil action.

SMRH:4862-8148-9160.3
Case No.
DEFENDANT ACE HARDWARE CORPORATION'S NOTICE OF REMOVAL

**B.** **There is Minimum Diversity of Citizenship**

20.    CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

21.    As discussed below, the CAFA requirements for minimum diversity of citizenship are satisfied as to (1) Plaintiff, (2) Defendant Ace Hardware Corporation, (3) Doe Defendants, and (4) Individual Defendant Doug Woodmansee.

(1)    Plaintiff:

22.    Plaintiff is an individual and a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  (*See* FAC, ¶ 3.)

23.    Although, evidence is not required to prove domicile at the notice of removal stage (*cf. Dart Cherokee,* 574 U.S. at 84), "[p]roof of residence in a state is usually through *prima facie* evidence of domicile." *Bradley Min. Co. v. Boice,* 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt,* 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary…"); *Barbosa v. Transp. Drivers, Inc.,* 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.,* 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)). Furthermore, an allegation of the parties' citizenship is sufficient for notice of removal. *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223 (9th Cir. 2019) (allegation of plaintiff's citizenship is sufficient for removal).

24.    Plaintiff's FAC states that the class members are "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the notice of the class action is provided to the class." (FAC, ¶ 41.) Accordingly, for purposes of removal, Plaintiff

1  is a resident of and domiciled in California.  *See* U.S.C. 1332(a)(1) (an individual is a citizen

2  of the state in which he or she is domiciled); *see also State Farm Mut. Auto. Ins. Co. v. Dyer,*

3  19 F.3d 514, 520 (10t h Cir. 1994) (residence is *prima facie* evidence of domicile for

4  purposes of determining citizenship).

5        25.     Because Plaintiff is a resident of California, worked for Ace during all relevant

6  times as a Warehouse Specialist at the Ace Hardware Distribution Center in Rocklin,

7  California, and because Plaintiff's proposed class is defined to include "current and former

8  non-exempt employees of Defendant within the State of California," Ace may rely on the

9  foregoing presumptions to establish that Plaintiff, and at least some, if not all, of the putative

10  class members, are now at the time of removal, and were at the institution of this action,

11  domiciled in California and therefore citizens of California.  (*Id.*)

12        26.     As such, there are no facts or assertions from the FAC, or otherwise, that

13  Plaintiff is or was a citizen of Delaware or Illinois, the only fact that would destroy diversity

14  of citizenship.

15        (2)     Defendant Ace Hardware Corporation

16        27.     Ace is and at all relevant times to this action (including at the time this action

17  was filed and removed to this court) has been a corporation incorporated under the laws of

18  the State of Delaware with its principal place of business in the State of Illinois.  (Declaration

19  of Jamie Bonin ("Bonin Decl."), ¶ 5.)

20        28.     As a corporation, Ace is deemed to be a citizen of the state in which it has

21  been incorporated and the state where it has its principal place of business.  28 U.S.C. §

22  1332(c)(1).  28 U.S.C. § 1332 states, "a corporation shall be deemed to be a citizen of any

23  State and foreign state by which it has been incorporated and of the State or foreign state

24  where it has its principal place of business."  28 U.S.C. § 1332(c).  In *Hertz Corp v. Friend,*

25  the Supreme Court outlined the definition of a corporation's "principal place of business."

26  Ultimately, the Court determined that a "'principal place of business' is best read as referring

27  to the place where a corporation's officers direct, control, and coordinate the corporation's

28  activities."  *Hertz Corp v. Friend,* 559 U.S. 77, 92-3 (2010).  As such, in practice, the

principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.,* at 93.  Pursuant to the standard laid out by the Supreme Court, Ace is a citizen of Illinois and Delaware for purposes of removal.

29.    Ace is incorporated in the state of Delaware, and maintains its corporate headquarters in Illinois.  (Bonin Decl., ¶ 5.)  Ace's corporate and executive officers are employed in Illinois.  Ace conducts its administrative functions, such as legal, payroll, and human resources, in Illinois.  (*Id.*, ¶ 5.)  Furthermore, Illinois is the center of direction, control and coordination for Ace.  This is well established based on the following: the corporate headquarters is the actual center of direction, control and coordination of all major human resources, payroll, legal and other administrative functions; and the respective officers for these departments work in Illinois and are responsible for developing policies and protocols for Ace.  (*Id.*, ¶ 5.)  All of the facts alleged in this paragraph are true as of the time of this removal and were also true at the initiation of this civil action.  Accordingly, Ace's principal place of business is, and was at the start of this civil action, in the State of Illinois.  *See* 28 U.S.C. § 1332(c)(1).

30.    Furthermore, Ace is now at the time of this removal, and was at the start of this civil action, both a citizen of Illinois and Delaware, and Plaintiff and some of the putative class members are now at the time of this removal, and were at the start of this civil action, citizens of California.  Thus, the minimum diversity requirement under CAFA is satisfied.

(3)    Doe Defendants

31.    Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 100, does not deprive this Court of jurisdiction.

32.     In accordance with the foregoing, Ace is now at the time of this removal, and was at the start of this civil action, both a citizen of Illinois and Delaware, and Plaintiff and some of the putative class members are now at the time of this removal, and were at the start of this civil action, citizens of California.  Thus, the minimum diversity requirement under CAFA is satisfied.

### (4)   Individual Defendant Doug Woodmansee

33.     Defendant Doug Woodmansee ("Woodmansee") is an individual who is presently domiciled in the State of California.  (Bonin Decl., ¶ 6-7.)  However, Woodmansee was fraudulently joined in this action and is a sham defendant whose citizenship should be disregarded for purposes of diversity jurisdiction and removal.  *McCabe v. General Goods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1988).  "Fraudulent joinder is a term of art.  If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id.*, at 1339.  "The defendant seeking removal to the federal court is entitled to present facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff ha[s] a cause of action against the alleged sham defendants."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998).

34.     Courts compare the fraudulent joinder standard to the standard for judging a motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6).  *See TPS Ulticom Serv., Inc. v. At&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. American Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)").  The court may consider declarations or other summary judgment-type evidence on the issue of whether a particular defendant's joinder is a "sham."  *West American Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 fn. 6 (9th Cir. 1985).

35.     Plaintiff's claims against individual defendant Woodmansee fail to state a cause of action according to well-settled California law.  For the reasons described below, the joinder of Woodmansee in this action is fraudulent, and he is a "sham" defendant such that his presence does not destroy diversity.

        a.     *Woodmansee Is A Sham Defendant Because Plaintiff's Individual Claims Fail to State a Cause of Action Against Woodmansee.*

36.     Under established principles of California law, Plaintiff fails to state a claim against Woodmansee with respect to the claims he brings on his own behalf, and it is obvious that Woodmansee cannot be liable on any theory because Woodmansee was not Plaintiff's employer.

37.     In his individual capacity, Plaintiff alleges in his FAC claims against "All Defendants" for: (1) failure to pay overtime wages under Cal. Lab. Code §§ 510, 1194, 1199, as well as applicable Wage Orders; (2) failure to pay minimum wages under Cal. Lab. Code §§ 1197, 1199, and applicable Wage Orders; (3) failure to provide meal periods under Cal. Lab. Code § 512 and applicable Wage Orders; (4) failure to provide rest periods under Cal. Lab. Code § 512 and applicable Wage Orders; (5) failure to pay all wages due at termination Cal. Lab. Code §§ 201-203 and applicable Wage Orders; (6) failure to provide compliant wage statements under Cal. Lab. Code § 226 and applicable Wage Orders; (7) violation of Cal. Lab. Code § 227.3; and (8) unfair competition under Cal. Bus. & Prof. Code §§ 17200-17209.

38.     Here, Plaintiff's FAC contains practically no facts to support that Woodmansee is a proper individual defendant in this action.  Indeed, the sole factual allegations alleged by Plaintiff are that Woodmansee "is, and at all times relevant hereto was, an individual residing in California, as well as District Manager for ACE."  (FAC, ¶ 5.) Additionally, Plaintiff makes the bad faith and conclusory allegation in his FAC, without providing any facts, that Woodmansee was Plaintiff's employer because Woodmansee was an "alter ego" and "corporate agent" of Ace.  (FAC, ¶¶ 7-8, 11-12.)

39.     The term "alter ego" refers to situations where "there has been an abuse of corporate privilege, because of which the equitable owner of a corporation will be held liable for the actions of the corporation." *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971).  A plaintiff seeking to invoke the alter ego doctrine must allege: (1) that there is such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist; and (2) that failure to disregard the corporate form would lead to an unjust result. *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 52 (N.D. Cal. 2020) ("*Allan & Assocs.*"); *Automotriz del Golfo de California S. A. de C. v. v. Resnick*, 47 Cal. 2d 792, 796 (1957).  Conclusory allegations of alter ego status are insufficient; rather, a plaintiff must allege specific facts supporting both of the necessary elements. *See Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015).  To determine whether there is sufficient unity of interest and ownership to support alter ego liability, courts generally consider the following factors, among others: the commingling of funds, failure to maintain minutes or adequate corporate records, and failure to adequately capitalize a corporation. *Allan & Assocs.*, 445 F. Supp. 3d at 52; *Resnick*, 47 Cal. 2d at 792.  Plaintiff has not and cannot provide any facts to support his bad faith argument that Woodmansee is an "Alter Ego" of Ace.

40.     Similarly, it is well established that under either the California common law or the California Industrial Welfare Commission's definition of "employer," individual corporate agents acting within the scope of their agency are not "employers" and are not liable for alleged wage and hour violations.  *See Martinez*, 49 Cal. 4th at 66 ("the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency"); *see also Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005) ("Under the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages."); *see also Oppenheimer v. Robinson*, 150 Cal. App. 2d 420 (1957) (corporate managers are "not personally liable for nonpayment of wages to a fellow employee").  Woodmansee did

not employ or contract with Plaintiff, nor has Plaintiff alleged in his FAC that Woodmansee ever acted outside the scope of his "agency" as a District Manager for Ace.

41.    IWC Wage Order ("Wage Order") 7 states that the "mercantile industry" means any "industry, business, operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail[.]" 8 Cal. Code Regs. § 11070(2)(H).  Ace enters into licensing agreements with retail hardware stores that are independently owned and operated and use the Ace name. (Bonin Decl., ¶ 3.)  These stores have the right to use the Ace logo for marketing purposes, as well as the right to purchase goods from Ace's distribution centers for resale. (*Id.*)  Ace's industry is explicitly identified by the DLSE as falling under IWC Wage Order 7 in its publication, "Which IWC Wage Order?" that includes "[h]ardware stores, retail/wholesale." *See* DLSE, Which IWC Wage Order?  Classifications, p. 21 (available at https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf).  Further, Plaintiff was at all relevant times a Warehouse Specialist at Ace Hardware Distribution Center, where his job duties included arranging shipping, maintaining inventory, and checking orders for the purposes of selling or distributing goods to retailers at wholesale prices. (Bonin Decl., ¶ 6.)

42.    The first and second causes of action in Plaintiff's FAC for failure to pay overtime wages and failure to pay minimum wages are each based on statutes or provisions of a California Wage Order imposing obligations on "employers." *See Martinez v. Combs*, 49 Cal. 4th 35, 50 (2010) ("That only an employer can be liable [for unpaid wages]…seems logically inevitable as no generally applicable rule of law imposes on anyone other than an employer a duty to pay wages.").  Because Plaintiff has not provided any facts to support his contention that Woodmansee was his "employer" (nor can he), Plaintiff cannot state claims against Woodmansee for failure to pay overtime wages and failure to pay minimum wages.

43.    The third and fourth causes of action in Plaintiff's FAC for failure to provide meal and rest periods, fifth cause of action for failure to pay all wages due at termination, sixth cause of action for failure to provide compliant wage statements, and seventh cause of action for failure to pay vacation time at separation are each based on statutes or provisions

Case No.

of a California Wage Order imposing obligations on "employers." *See* Cal. Lab. Code §§ 226.7(a) ("No *employer* shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission"); 512(a) ("An *employer* shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…"); *see also* *C*al. Code Regs. Tit. 8, §§ 11070 (11)(A) ("No *employer* shall employ any person for a work period of more than five (5) hours without a meal period…"); 11070 (12)(A) (Every *employer* shall authorize and permit all employees to take rest periods…"); 227.3 ("whenever a contract of employment or *employer* policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him…"); 226 ("An *employer*, semimonthly or at the time of each payment of wages, shall furnish to his or her employee" wage statements); 201 ("If an *employer* discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately"); 202 ("If an *employer* willfully fails to pay, without abatement or reduction, in accordance with Sections [201, 202], any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty…") (all emphasis added). Because Plaintiff has not provided any facts to support his contention that Woodmansee was his "employer" (nor can he), Plaintiff cannot state claims against Woodmansee for failure to provide meal and rest periods, failure to pay all wages due at termination, failure to provide compliant wage statements, and failure to pay vacation time at separation (Third through Seventh Causes of Action).

44.    The sixth cause of action in Plaintiff's FAC for failure to provide compliant wage statements against Woodmansee fails for the additional reason that Woodmansee retired from Ace on December 31, 2018, over two years and eight months <u>before</u> Plaintiff filed his original Complaint in this action. Accordingly, it would have been impossible for Woodmansee, as alleged by Plaintiff, "[f]or at least one (1) year prior to the filing of this Action and continuing to the present[,]…[to have] failed to furnish Plaintiff and Class

Members, or some of them, with itemized wage statements that accurately reflect…such information as required by Labor Code section 226." (FAC, ¶ 28.)[1]

45.    Moreover, remedies in private civil actions—based on the eighth cause of action in Plaintiff's FAC—brought under California's unfair competition law are limited to restitution and injunctive relief. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Plaintiff does not seek injunctive relief. Restitution is unavailable as a matter of law under *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458-63 (2008) (disapproved on other grounds by *ZB, N.A. v. Superior Court*, 8 Cal. 5th 175 (2019) and *Martinez*, 49 Cal. 4th 35). *Bradstreet* held that restitution under California's unfair competition law is not a cognizable remedy against individual corporate agents alleged to have committed wage violations on behalf of their employer. *See also Amiryans v. SoCal Sports Clubs*, Inc., No. B207986, 2009 WL 3019662, at *6 (Cal. Ct. App. 2009) (following *Bradstreet* and holding individual agents or officers of a corporate employer cannot be liable for restitution under California's unfair competition law). Accordingly, Plaintiff cannot state a cause of action against Woodmansee under California's unfair competition law.

46.    Even if a remedy for Plaintiff's unfair competition claim against Woodmansee existed (it does not), individual liability under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, "must be based on [the defendant's] personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate sections 17200 or 17500." *Emery v. Visa Internat. Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002). As a District Manager of Retail Operations, Woodmansee worked in his defined territory directly with retailers to

---

[1] Similarly, the fifth cause of action in Plaintiff's FAC for failure to pay all wages due at termination, under Labor Code Sections 201-203, against Woodmansee cannot possibly cover the time period from December 31, 2018 through the present, because Woodmansee retired from Ace on December 31 and was no longer employed by Ace. (Bonin Decl. ¶ 7.) At best, Plaintiff's claims against Woodmansee would be limited to the three months between September 8, 2018 through December 31, 2018. *See* Cal. Labor Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1390 (2010) (the statute of limitations for waiting time penalties claim is three years). However, for the reasons discussed herein, *supra* ¶ 43, Plaintiff cannot state a claim against Woodmansee for failure to pay all wages due at termination.

build strategic road maps, review product assortment opportunities, and review overall retail operations performance and address any deficiencies. (Bonin Decl., ¶ 8.) Woodmansee did not exercise any authority or judgment in corporate decision-making or in any way influence company policy related to the meal periods, rest breaks, overtime wages, and wage statements and/or as to any other wage-and-hour policies and practices at issue in this litigation. (*Id.*, ¶ 9.) Further, Woodmansee did not oversee, control, or manage Plaintiff or any other putative class members and/or allegedly aggrieved employees of Ace working in California. (*Id.*, ¶ 10.) Specifically, during his employment, Woodmansee did not oversee any employees who worked at the Ace Hardware Distribution Center where Plaintiff was employed and where Ace has independently determined, based on its own business records, that approximately 98% of the current or former putative class members and allegedly aggrieved employees work and/or worked. (*Id.*, ¶ 12.) Moreover, Woodmansee retired from Ace on December 31, 2018. (*Id.*, ¶ 7.) During a majority of the liability period at issue in this action, Woodmansee did not work for Ace. (*Id.*)

47.    Plaintiff's ninth cause of action seeks civil penalties under Labor Code 558 and civil penalties under Labor Code Section 2699. (*See* FAC, ¶¶ 107-132.) Woodmansee cannot be personally liable under PAGA for a violation of section 558 because he did not own, control or serve as a corporate agent of Ace. (Bonin Decl., ¶ 8.) In analyzing civil penalties under PAGA for a violation of section 558, courts have allowed actions to proceed against individual defendants only where those defendants were owners, officers, or corporate agents of the plaintiff's employers. *Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 U.S. Dist. LEXIS 19198, 4-6 (N.D. Cal. February 25, 2011) (order modifying grant of summary judgment finding that an individual owner of a company could be liable under PAGA for violation of Labor Code section 558); *Helm v. Alderwoods Group, Inc.*, 696 F.Supp. 2 1057, 1074 (N.D. Cal. 2009) (individual corporate officers may be personally liable under section 558); *Ochoa-Hernandez v. Cjaders Foods, Inc.*, 2009 U.S. Dist. LEXIS 13073 (D. Cal. 2009) (court allowed amendment of a complaint to add individuals who owned and controlled the employer for purposes of application of PAGA under section 558).

48.    Here, Plaintiff does not allege that Woodmansee was a manager or supervisor of Plaintiff or any of the allegedly aggrieved employees.  Nor does Plaintiff provide facts describing what Woodmansee did to cause the alleged violations of the California Labor Code as required by section 558.  In fact, Woodmansee did not exercise <u>any</u> authority or judgment in corporate decision-making or in any way influence company policy, related to the meal periods, rest breaks, overtime, and/or other wage-and-hour policies and practices at issue in this litigation.  (Bonin Decl., ¶¶ 10-11.)  Further, Woodmansee did not oversee or in any way supervise or control the working conditions of Plaintiff and/or any of the putative class members and/or allegedly aggrieved employees.  (*Id.*, ¶ 10.)  Therefore, Plaintiff cannot succeed in his PAGA claims as to Woodmansee, and Woodmansee is a sham defendant.

49.    Further, Plaintiff's ninth cause of action for civil penalties under the PAGA against Woodmansee fails as a matter of law because the applicable PAGA period in this action began a year and eight months <u>after</u> Woodmansee retired from Ace.   (*Id.*, ¶ 7.)  The PAGA liability period is one year and sixty-five days from the filing of Plaintiff's FAC, or from September 29, 2020 to the present.  *See* Cal. Civ. Pro. Code § 340(a) (stating that an "action upon a statute for a penalty or forfeiture" must be commenced "within one year."); Cal. Lab. Code § 2699.3(a)(2)(A) ("[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation…[u]pon receipt of that notice or if no notice is provided within 65 calendar days…the aggrieved employee may commence a civil action…[.]").  Woodmansee retired on December 31, 2018.  Accordingly, any attempt to join him in Plaintiff's PAGA claim will necessarily fail as a matter of law.

50.    Accordingly, Woodmansee never violated or caused to be violated any of the provisions of the California Labor Code, as asserted by Plaintiff in causes of action one through nine of the FAC, and it is clear that Woodmansee was only added as a Defendant in this action to attempt destroy diversity.

*b.    Plaintiff Cannot Sustain a Claim Against Woodmansee for Personal Liability*

51.    To the extent Plaintiff's allegations are an attempt to impose personal liability against Woodmansee under Cal. Lab. Code § 558.1, they obviously fail as a matter of settled law.

52.    Section 558.1 became effective on January 1, 2016 and provides that "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a).  The statute clarifies: "[f]or purposes of this section, the term 'other person acting on behalf of an employer' is limited to a natural person who is an <u>owner, director, officer, or managing agent of the employer</u>, and the term 'managing agent'" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code." *Id.* § 558.1(b) (emphasis added).

53.    Under Cal. Civ. Code § 3294, the term "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking [sic] so that their decisions ultimately determine corporate policy." *White v. Ultramar*, 21 Cal. 4th 563, 566-67 (1999).  "[S]upervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees." *Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 451 (2020).

54.    Woodmansee is not and has never been "an owner, director, officer, or managing agent" of Ace.  Plaintiff does not allege that Woodmansee was a director or officer of Ace.  (*See* FAC.)  Plaintiff's vague allegations that Woodmansee was an "owner" and a "managing agent" of Ace are made in bad faith and without any factual or evidentiary support.  (See FAC, ¶¶ 6, 7, 10-12.)  Plaintiff has no good faith reason to suspect that Woodmansee, who never worked with Plaintiff and was a District Manager for a Company

headquartered in Illinois, with locations throughout the United States, may satisfy the California test for determining who qualifies as an owner or a managing agent.

55.    As a District Manager of Retail Operations, Woodmansee did not formulate or have any authority over corporate policy, which is made at Ace's headquarters in Illinois. (Bonin Decl., ¶ 11.)    At no point did Woodmansee have any authority or input over Ace's wages paid to Plaintiff and the putative class members.  (*Id.*, ¶ 11.)  Woodmansee had no authority or input over any of Ace's polices regarding hiring and firing criteria, discipline, meal and rest periods, vacation pay, or wage statements.  (*Id.*, ¶ 11.)  Woodmansee did not work at the Ace Hardware Distribution Center at which Plaintiff worked and he did not supervise, manage or control Plaintiff or any other similarly situated Ace employees in California, including at the Ace Hardware Distribution Center, where Plaintiff was employed and where Ace has independently determined based on its own business records that approximately 98% of the current and former putative class members and allegedly aggrieved employees work or worked.  (*Id.*, ¶ 12.)  *See Nguyen v. Ericsson, Inc.*, 2018 WL 2836076 (N.D. Cal. 2018) (rejecting a motion to remand where a plaintiff failed to show that his supervisor had substantial discretionary authority over a significant aspect of the company's business or broad and unlimited authority and, therefore, was held to be "a sham defendant and his citizenship [was] disregarded for purposes of determining diversity jurisdiction.").  Woodmansee's authority at all relevant times was limited to working directly with retailers to build strategic road maps, review product assortment opportunities, and review overall retail operations performance and address any deficiencies, not supervising, managing and/or controlling the terms and conditions of employment of the putative class members and/or allegedly aggrieved employees.  (Bonin Decl., ¶ 8.)

56.    The Ninth Circuit has held that an individual agent of an employer named in a case asserting claims only properly alleged against an employer is fraudulent, and the citizenship of the individual defendant will be disregarded.  *McCabe*, 811 F.2d at 1339-40.

57.    After disregarding the citizenship of sham Defendant Woodmansee, complete diversity of citizenship exists because (1) Ace is now at the time of removal, and was at the

Case No.

commencement of this case, a citizen of Delaware and Illinois, and (2) Plaintiff is now at the time of removal, and was at the commencement of this case, a citizen of California.

**C.    The Amount in Controversy Exceeds the That Required under CAFA**

58.    Ace makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Ace waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

59.    Ace provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction.  Ace makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to the Plaintiff's claims.  Nor does Ace waive its right to ultimately contest the proper amount of damages, if any, should Plaintiff prevail with respect to any of his claims.

60.    The CAFA permits removal of class actions where the factors above are satisfied, and the aggregate amount in controversy for all class members exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).

61.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014).  Moreover, a defendant does not need to set forth evidence establishing the amount in its notice of removal.  *Id.*  A defendant is not required to "research, state, and prove the plaintiff's claims for damages."  *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D. Ky. 1994).  A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal."  *Ehram v. Cox Commc'ns, Inc.,* 2019 WL 3720013 (9th Cir. Aug. 8, 2019); *see also Dart Cherokee,* 135 S. Ct. at 547 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").

62.     "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe…") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

63.     In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417 (original emphasis).  *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15.  These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

64.     Plaintiff's FAC fails to disclose the amount in controversy for the alleged violations by Ace.  Plaintiff's FAC further fails to provide information to readily determine the amount in controversy without independent investigation and analysis.  Furthermore, the Ninth Circuit has stated that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Casualty Co.*, 425

F.3d 689, 694 (9th Cir. 2005). Furthermore, based on the four corners of the complaint and the FAC, Ace alleges there is more than $5,000,000 in controversy.

65.    Ace independently determined, based on its own business records, that Plaintiff's proposed class is comprised of approximately 2,448 current and former non-exempt employees in California from September 8, 2017 to the present.

66.    Ace independently determined, based on its own business records, that the class worked on average approximately 106,485 workweeks.

**Amount in Controversy for Unpaid Minimum Wages**

67.    Plaintiff alleges that he and Class Members were not paid minimum wages because Ace failed to accurately track and/or pay for all minutes actually worked at their regular rate of pay. (FAC, ¶ 61.)

68.    Cal. Labor Code § 1194 states that an employee receiving less than the legal minimum wage is entitled the recover the amount owed in a civil action.

69.    For these reasons, Plaintiff's claims for unpaid minimum wages cannot be calculated with any reasonable certainty given the lack of detail contained within the FAC. California's minimum wage between 2017 and the present grew from $10.50 per hour to $15.00 per hour.

70.    Defendant is justified in using a conservative violation rate of 2 hours per week per employee based on the nature of Plaintiff's allegations that Defendant "failed to pay minimum wages" to Plaintiff and the putative class members.  (FAC, ¶ 24); *see Vasquez v. Randstad US, L.P.*, 2018 WL 327451, at *4 (N.D. Cal. Jan. 9, 2018) (finding defendants' assumption of 2.5 hours per employee per week was reasonable for Minimum Wage claim damages calculation where plaintiff alleged that defendants had a "policy and practice" of requiring off-the-clock work).

71.    Although the statute of limitations for penalties for unpaid minimum wages is three-years, Plaintiff also brought a claim under California Business and Professions Code section 17200, *et seq.* which extends the statute of limitations to four years (FAC, ¶ 103.)

72.    Ace independently determined based, on its own business records, and on the allegations within the FAC that the amount in controversy for minimum wages damages, based on 2 hours per week  of off-the-clock work per class member, totals $2,236,185 for this cause of action ($10.50 *lowest* minimum hourly rate x 2 hours of off the clock work per workweek x 106,485 workweeks).

73.    Moreover, the amount in controversy for Plaintiff's minimum wage will continue to increase through the date of trial.  *Chavez v. JPMorgan Chase*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

74.    Defendant estimates that trial is at least two years away, especially in light of the docket backlog resulting from the COVID-19 pandemic.  Thus, the amount in controversy will further increase by at least another $1,703,744 for the minimum wage claim alone, calculated based on a minimum wage rate of $16/hour (over this two year period, the minimum wage in California will go from $15 to $17, increasing by one dollar per year) multiplied by an anticipated additional 53,242 workweeks (1/2 the number for the past five years).  Thus, the minimum wage claim alone amounts to an estimated $3,939,929.

**Amount in Controversy for Overtime Wages**

75.    Labor Code § 1194 permits "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

76.    Labor Code § 510 requires that any work "in excess of eight hours in one workday" must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

77.    Plaintiff alleges that Ace failed to pay him and the Class Members overtime wages for all hours worked.  (FAC ¶ 57.)  Plaintiff alleges that "Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all minutes worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members."  (FAC, ¶ 55.)

78.    Ace's conservative calculation of the amount in controversy for Plaintiff's unpaid overtime wage claim, based on a reasonable assumption of a failure to pay just one hour of overtime per workweek, is $1,677,138 ($15.75 overtime rate based on the ***lowest*** possible minimum wage of $10.50 per hour  x 1 hour per week x 106,485 workweeks).

79.    Using the same calculation and assuming another two years of litigation through trial, the overtime claim will continue to grow by an additional $851,872, calculated based on a minimum wage rate of $16/hour (over this three year period, the minimum wage in California will go from $15 to $17, increasing by one dollar per year) multiplied by an anticipated additional 53,242 workweeks (estimated through trial).  Thus, the overtime claim will total approximately $2,529,010.

**Amount in Controversy for Rest Period Premiums**

80.    California law requires rest periods for non-exempt employees who work three and a half (3 ½) or more hours in a day.  Non-exempt employees are entitled to a rest period of ten (10) minutes for each (4) hours, or major faction thereof, that they work in a day.  *See* California Wage Orders, § 1.  California law requires employers to pay employees who were not provided a rest period one additional hour of pay at the employee's regular rate of compensation for each day in which the violation occurs. Cal. Labor Code § 226.7.

81.    Plaintiff alleges that Plaintiff and Class Members "were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof." (FAC, ¶ 76.)

Case No.

82.    In *Murphy v. Kenneth Cole Prods.,* 40 Cal. 4th 1094, 1094 (2007), the California Supreme Court held that the premiums due under Cal. Labor Code § 226.7 are compensatory wages for statute of limitations purposes and therefore have a three year statute of limitations period.  *See* Cal. Code Civ. Proc. § 338(a).  However Plaintiff asserts that "the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200."  (FAC, ¶ 103.)  As such, Plaintiff's seek "restitution of all wages and other monies owed to them under the Labor Code, including interest thereon…."  (FAC, ¶ 105.)  California District Courts are split as to whether the four year statute of limitations under California Business & Professions Code § 17200 will extend the time to seek unpaid meal and rest period premiums.  Cal. Bus. & Prof. Code § 17208; *see Horton v. NeoStrata Company Inc.,* 2017 WL 2721977 (S.D. Cal. 2017)*; Tomlinson v. Indymac Bank F.S.B.,* 359 F. Supp. 2 891, 896 (C.D. Cal. 2005) (stating that "payments under 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: [B]oth are 'earned wages' and thus recoverable under the UCL."); *see also  Dittmar v. Costco Wholesale Corp.,* 2016 WL 3387464 (S.D. Cal. 2017) with  *Parson v. Golden State FC, LLC,* 2016 WL 1734010 (N.D. Cal. 2016) and *Guerrero v. Halliburton Energy Servs. Inc.,* 231 F. Supp. 3d 797 (E.D. Cal. 2017).

83.    Because the jurisdictional amount in controversy is determined based on what Plaintiff alleges, not what he will ultimately recover, a four year limitations period is proper for jurisdictional purposes.  Therefore, the relevant time period to calculate Plaintiff's amount in controversy for alleged rest period is four years prior to the date Plaintiff filed his complaint to the present, *i.e.* from September 8, 2017 to the present. (*see* FAC, ¶ 26 [defining the class period as reaching back four years].)  Plaintiff's claims for missed rest breaks do not provide any specificity to determine the frequency of the alleged missed breaks.  Ace would be justified in using a 100% violation rate in computing the amount in controversy based on the nature of Plaintiff's allegations that "Defendant failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation the occasions that

Class Members were not authorized or permitted to take compliant rest periods." (FAC, ¶ 76.) *See Coleman,* 730 F.Supp. 2d at 1149 (C.D. Cal. 2010) ("courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation"); *see also Sanchez v. Russell Sigler, Inc.,* 2015 U.S. Dist. LEXIS 55667, *16 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's complaint alleges universal deprivation of meal and rest periods"); *Mortley v. Express Pipe & Supply Co.,* 2018 WL 708115, at *4 (C.D. Cal. 2018) (100% violation rate proper when allegations are "routine and systematic violations" of California's meal and rest period laws); *see also Torres v. Secure Communications Systems, Inc.,* No. SACV 20-980 JVS(JDEx), Dkt. No. 28, (C.D. Cal. July 20, 2020). Nonetheless, although Ace can use a 100% violation rate, it will only use a 40% violation rate for purposes of estimating the value of this claim for purposes of removal.

84.    Even using the minimum wage and not the putative class members' actual hourly rate of pay, Ace independently determined, based on its own business records and on the allegations within Plaintiff's FAC, that the amount in controversy for rest period premium damages is at least $2,236,185 based on two missed rest breaks per week ($10.50 *lowest* minimum hourly rate x 2 missed rest periods per week x 106,485 workweeks).

85.    Using the same calculation and assuming another two years of litigation through trial, the rest break claims will continue to grow by an additional $1,703,744, calculated based on a minimum wage rate of $16/hour (over this three year period, the minimum wage in California will go from $15 to $17, increasing by one dollar per year) multiplied by an anticipated additional 53,242 workweeks (estimated through trial). Thus, the rest break claim will total approximately $3,939,929.

**Amount in Controversy for Meal Period Premiums**

86.    California law requires provision of meal breaks to non-exempt employees who work more than five hours in a workday. Cal. Labor Code § 512. California Labor Code section 226.7 provides, "the employer shall pay the employee one additional hour of

pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.  Cal. Lab. Code § 226.7.

87.    Plaintiff alleges that Defendant did "not provide[] complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted," and that Defendant had Plaintiff and class members "clock out for meal periods and continue working…."  (FAC, ¶¶ 68, 126.)  Plaintiff claims that as a result, "Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day."  (FAC, ¶ 25.)

88.    As discussed above, the limitations period for a claim under California Business & Professions Code § 17200 is four years, and the appropriate period to use for determining the amount in controversy.  Cal. Bus. & Prof. Code § 17208.

89.    Therefore, even using the minimum wage and not the putative class members' actual hourly rate of pay, Ace independently determined, based on its own business records and on the allegations within Plaintiff's FAC, that if Plaintiff can prove that he and the proposed class members were not authorized or permitted to take required meal periods twice per week, the amount in controversy for meal period premium damages could amount to $2,236,185 based on two missed meal periods per week ($10.50 *lowest* minimum hourly rate x 2 missed rest periods per week x 106,485 workweeks).

90.    Using the same calculation and assuming another two years of litigation through trial, the meal period claims will continue to grow by an additional $1,703,744 calculated based on a minimum wage rate of $16/hour (over this three year period, the minimum wage in California will go from $15 to $17, increasing by one dollar per year) multiplied by an anticipated additional 53,242 workweeks (estimated through trial).  Thus, the meal break claim will total an estimated $3,939,929.

91.     Thus, together, Plaintiff's claims for meal and rest periods alone total approximately $7,879,858, well over the jurisdictional minimum of $5,000,000.

**Amount in Controversy for Wage Statement Claim**

92.     Labor Code § 226(e) provides for penalties in the amount $50 for each initial alleged wage statement violation to an employee, and $100 for each subsequent violation, up to $4,000.  (FAC, ¶ 94.)

93.     Plaintiff seeks penalties under Labor Code § 226(e), alleging "Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class members with accurate itemized statements...."  (FAC, ¶ 91.)

94.     The statute of limitations for Plaintiff's waiting statement penalties claim is one year.  Cal. Code Civ. Proc. § 340(a).  Based on the one year statute of limitations and the time frame alleged by Plaintiff, there are approximately 1,436 alleged Class members who were employed by Ace from September 8, 2020 to the present.

95.     For purposes of removal, Ace is justified in using a 100% violation rate in computing the amount in controversy.  Accordingly, it is reasonable to assume that Plaintiff has alleged that every wage statement for all employees would be noncompliant.  *Mejia v. DHL Express (USA)*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) ("if Defendant had a uniform policy of failing to provide rest periods, as discussed above, the wage statements that Defendant provided would necessarily have been inaccurate 100% of the time because each wage statement would have failed to include compensation for the missed rest break.").

96.     Therefore, Ace independently determined, based on its own business records and on the allegations contained within Plaintiff's FAC, that Plaintiff alleged an amount in controversy for wage statement penalties of approximately $5,744,000 ($4,000 maximum penalty x 1,436 Class members).

97.     Therefore, Ace reaches the minimum jurisdictional amount in controversy for removal based on alleged wage statement penalties alone.

**Amount in Controversy for Waiting Time Penalties**

98.    Under Cal. Labor Code § 203, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

99.    Plaintiff alleges that Defendant willfully failed to pay wages to Plaintiff and Class Members in accordance with Cal. Labor Code §§ 201 - 203.  (FAC, ¶ 80-85.)  Pursuant to Cal. Labor Code Section 203, Plaintiff alleges that "Plaintiff and Class Members are entitled to waiting time penalties from the date their earned unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days."  (*Id.*, ¶ 85.)

100.    The statute of limitations for Plaintiff's waiting time penalties claim is three years.  Cal. Labor Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1390 (2010).  The applicable time period is September 8, 2018 to the present.  Based on this period, there were at least 1,500 alleged class members whose employment has since terminated.

101.    Therefore, Ace independently determined, based on its own business records and on the allegations contained within Plaintiff's Complaint, that Plaintiff alleged an amount in controversy for waiting time penalties damages (exclusive of interest) of approximately $3,780,000 (1,500 alleged Class Members whose employment terminated in the relevant time frame x $80 per day [$10.50 *lowest* minimum hourly wage x 8 hours] x 30 days).

**Amount in Controversy for Vacation Time**

102.    Under Labor Code § 227.3 "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served."  (FAC, ¶ 97.)

103.    Plaintiff alleges that "Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations." (FAC, ¶ 98.)

104.    Plaintiff alleges that there is a four year statute of limitations on his Labor Code section 227.3 claim, "[f]or at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3." (FAC, ¶ 99.)

105.    Therefore, Ace independently determined, based on its own business records and on the allegations within Plaintiff's Complaint and FAC, that the amount in controversy for alleged unpaid vacation time is at least $48,960. Assuming that Plaintiff can prove that Plaintiff and other putative class members were deprived 2 average vacation hours ($10 *lowest* minimum hourly wage x 2 average vacation hours of class members x 2,448 putative class members ).

**Amount in Controversy for Attorneys' Fees**

106.    Plaintiff also seeks attorneys' fees. (*See* generally FAC, Prayer for Relief). According to the Ninth Circuit, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In *Fritsch,* the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 – 796 (9th Cir. 2018).

107.    Courts allow a 25% benchmark of total recovery when determining the attorneys' fees in controversy. *Greene v. Harley-Davidson, Inc.,* No. 20-55281, fn (9th Cir. July 14, 2020); *Garibay v. Archstone Communities LLC,* 530 F. App'x 763, 754 (9th Cir. 2013); *Rodriguez v. Cleansource Inc.,* 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall*

*v. G2 Secure Staff, LLC,* 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.,* 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.,* 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.,* 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorneys' fees").

108.   As such, an additional minimum amount of $5,980,439 must be included in the amount of controversy calculation ([$3,939,929 alleged unpaid minimum wages + $2,529,010 alleged overtime wages + $3,939,929 alleged rest period premiums + $3,939,929 alleged meal period premiums + $3,780,000 alleged waiting time penalties + $5,744,000 alleged wage statement penalties +  $48,960 alleged unpaid vacation time penalties] x estimated attorneys' fees (25%) = $5,980,439.

109.   The same amount for alleged attorneys' fees is in controversy using the "lodestar" method of fee computation.  *See Chavez v. Netflix, Inc.,* 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"); *see also Smith v. CRST Van Expedited, Inc.,* 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent").

110.   For all of the reasons above, Ace estimates that Plaintiff placed at minimum **$29,902,196** in controversy, which is significantly greater than the jurisdictional minimum of $5,000,000 required under CAFA.

**D.   No CAFA Exceptions Apply**

111.   CAFA contains various exceptions to its grant of original jurisdiction in 28 U.S.C. §§ 1332(d)(3)-(4).  None of these exceptions are applicable in this case.  The party who opposes removal has the burden of demonstrating a valid CAFA exception.  *King v. Great Am. Chicken Corp.,* 903 F.3d 875, 878 (9th Cir. 2018).

112.    One exception is based on the number of putative class members found in the state where the action is filed.  However, the exception only applies where the  "primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. §§ 1332(d).  The action was originally filed in California and Ace is not a citizen of California.  Thus, this exception does not apply.

113.    The other exceptions applicable under CAFA are also based on the number of putative class members in the state in which the action was filed.  28 U.S.C. §§ 1332(d)(4).  Yet, this exception is limited to situations in which all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed.  28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B).  Since this action was originally filed in California, but that Ace is not a citizen of California, and Defendant Woodmansee was improperly added as a sham defendant, these exceptions do not apply.

## IV.    SUPPLEMENTAL JURISDICTION

114.    Under 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

115.    To the extent the Court concludes it lacks original jurisdiction over any of Plaintiff's claims, it should exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a), since each of Plaintiff's causes of action emanate from and form part of the same "case or controversy" as Plaintiff's other claims, such that they should all be tried in one action.  *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims pleaded in Plaintiff's FAC.  *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also*

*Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.*, 2007 WL 1989635, at *3 (S.D. Cal. 2007).

116.    Here, the Court has supplemental jurisdiction over Plaintiff's non-class PAGA claim, because those claims emanate from and form part of the same "case or controversy" as Plaintiff's class claims, such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Plaintiff's PAGA claims seek to recover civil penalties arising from the same exact alleged wage and hour violations alleged in Plaintiff's class claims. *See Thompson v. Target Corp.*, 2016 WL 4119937, at *12 (C.D. Cal. 2016) ("Plaintiff's PAGA and class claims concern the same misconduct by Defendant and the PAGA claims are therefore properly within the Court's supplemental jurisdiction.").    Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims pleaded in the FAC. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also Pinnock*, 2007 WL 1989635, at *3.

117.    None of the exceptions to supplemental jurisdiction found in 28 U.S.C. § 1332(c) are applicable to this case.  Plaintiff's PAGA claim does not raise novel or complex issues of State law different from the class claims, they do not substantially predominate over the named Plaintiff's individual claims, the class claims have not been dismissed, and there are no exceptional circumstances or compelling reasons for declining jurisdiction.  The exceptions enumerated in 28 U.S.C. § 1332(c) are the exclusive grounds under which the Court may decline to exercise supplemental jurisdiction. *Exec. Software N. Am.*, 24 F.3d at 1556.

118.    For these reasons the Court has supplemental jurisdiction over any claims pleaded by Plaintiff falling outside of the Court's original jurisdiction, including but not limited to Plaintiff's claim for civil penalties under PAGA, Labor Code §§ 2699, *et seq.* (FAC, ¶¶ 93-104.)

1    V.    **TIMELINESS OF REMOVAL**

2    119.    Under 28 U.S.C. § 1446(b), there are two thirty-day windows during which a

3    case may be removed: during the first thirty days after the defendant receives the initial

4    pleading <u>or</u> during the first thirty days after the defendant receives a paper "from which it

5    may first be ascertained that the case is one which is or has become removable" if "the case

6    stated by the initial pleading is not removable." *See also*, *Harris v. Bankers Life & Cas. Co.,*

7    425 F.3d 689, 692 (9th Cir. 2005).

8    120.    When a complaint is "indeterminate," a defendant is under no duty to

9    investigate the facts showing the basis for removal, and the first 28 U.S.C. § 1446 (b) thirty-

10    day window does not begin to run. *Id.* at 692-695.  "[T]he ground for removal must be

11    revealed affirmatively in the initial pleading in order for the first thirty-day clock under §

12    1446(b) to begin." *Id.* at 695.  This reasoning was confirmed in *Roth v. CHA Hollywood*

13    *Med. Ctr., L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013): "even if a defendant could have

14    discovered grounds for removability through investigation, it does not lose the right to

15    remove because it did not conduct such an investigation and then file a notice of removal

16    within thirty days of receiving the indeterminate document."

17    121.    A complaint is "indeterminate" when "it is unclear from the complaint whether

18    the case is removable, *i.e.,* the [jurisdictional facts are] unstated or ambiguous." *Harris,* 425

19    F.3d at 693.  Here, the FAC does not affirmatively allege or otherwise state the amount in

20    controversy or that the amount in controversy exceeds (or does not exceed) $5,000,0000.

21    Further, it is not discernable from the face of the FAC that more or less than $5,000,000 was

22    placed in controversy.

23    122.    Under *Harris*, the Court must not

24    inquire into the subjective knowledge of the defendant, an inquiry that could
      degenerate into a mini-trial regarding who knew what and when.  Rather…the

25    court [may] rely on the face of the initial pleading and on the documents
      exchanged in the case by the parties to determine when the defendant had

26    notice of the grounds for removal, requiring that those grounds be apparent
      within the four corners of the initial pleading or subsequent paper.

27

28

-33-

SMRH:4862-8148-9160.3    DEFENDANT ACE HARDWARE CORPORATION'S NOTICE OF REMOVAL    Case No.

*Harris*, 425 F.3d at 695 (quoting, *Lovern v. GMC,* 121 F.3d 160, 162 (4th Cir. 1997). Thus, the FAC is "indeterminate" and its service does not trigger the first 28 U.S.C. § 1446(b) thirty-day window to remove. *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that…there was sufficient amount in controversy to support jurisdiction under CAFA."); *see also Calkins v. Google, Inc*., 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

123.    As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter. Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove "at any time" after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125-26 (emphasis added). Defendant, based on its investigation and internal records, has since been able to determine that the amount in controversy based on the allegations in the FAC, well exceeds the $5,000,000.00 threshold. Thus, like in *Roth*, the facts alleged in this notice support that removal is both proper and timely.

## VI.    <u>JOINDER</u>

124.    Ace is not aware of any other defendant that exists, who has been named in the Complaint or FAC, or who has been served with a summons and the Complaint or FAC. Doug Woodmansee is not required to join in this removal because only "the defendants who have been properly joined and served must join or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Doug Woodmansee has not been served with Plaintiff's Complaint or FAC, or with a summons in accordance with California law. See Cal. Code Civ. Proc. §§ 410.50 *et seq.* Additionally, fraudulent joined defendants are not required to join or consent in removal. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)

("the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties'").

## VII.   VENUE

125.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(b), and 1391.

## VIII.   NOTICE TO PLAINTIFF AND SUPERIOR COURT FOR THE COUNTY OF PLACER

126.    This Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of the State of California in and for the County of Placer.

127.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Ace or filed by Ace are attached hereto as **Exhibits A** through **I**.

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Placer to this Court to the United States District Court for the Eastern District of California.

Dated:  March 9, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ *Luis Arias*
BROOKE S. PURCELL
LUIS ARIAS
SHAYLA M. GRIFFIN
Attorneys for Defendant
ACE HARDWARE CORPORATION

EXHIBIT A

1   **BIBIYAN LAW GROUP, P.C.**
    David D. Bibiyan (Cal. Bar No. 287811)
2   *david@tomorrowlaw.com*
    Jeffrey D. Klein (Cal. Bar No. 297296)
3   *jeff@tomorrowlaw.com*
    Diego Aviles (Cal. Bar No. 315533)
4   *diego@tomorrowlaw.com*
    8484 Wilshire Boulevard, Suite 500
5   Beverly Hills, California 90211
    Tel: (310) 438-5555; Fax: (310) 300-1705
6
    Attorneys for Plaintiff, AMOLAK DHALIWAL and
7   on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**09/08/2021 at 11:29:31 AM**
By: Christina M Waggoner, Deputy Clerk

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF PLACER**

10

11   AMOLAK DHALIWAL, an individual and on    CASE NO.:   S-CV-0047279
     behalf of himself all others similarly situated,
12                                              **CLASS ACTION COMPLAINT FOR:**

13                                              1. FAILURE TO PAY OVERTIME WAGES;

              Plaintiffs,                       2. FAILURE TO PAY MINIMUM WAGES;
14
         v.                                     3. FAILURE TO PROVIDE MEAL
15                                                 PERIODS;
     ACE HARDWARE CORPORATION, a
16   Delaware corporation; DOUG                 4. FAILURE TO PROVIDE REST PERIODS;
     WOODMANSEE, an individual; and DOES 1
17   through 100, inclusive,
                                                5. WAITING TIME PENALTIES;
18
              Defendants.                       6. WAGE STATEMENT VIOLATIONS;
19
                                                7. VIOLATION OF LABOR CODE § 227.3
20
                                                8. UNFAIR COMPETITION.
21

22                                              **DEMAND FOR JURY TRIAL**

23                                              [Amount in Controversy Exceeds $25,000.00]

24

25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

1    COMES NOW plaintiff AMOLAK DHALIWAL ("Plaintiff"), on behalf of Plaintiff and all
2    others similarly situated, and alleges as follows:

3    ### GENERAL ALLEGATIONS

4    ### INTRODUCTION

5    1.    This is a Class Action, pursuant to Code of Civil Procedure section 382, against ACE
6    HARDWARE CORPORATION, and any of its respective subsidiaries or affiliated companies
7    within the State of California ("ACE") and DOUG WOODMANSEE, an individual
8    ("WOODMANSEE" and, with DOES 1 through 100, as further defined below, "Defendants") on
9    behalf of Plaintiff and all other current and former non-exempt California employees employed by
10    or formerly employed by Defendants ("Class Members").

11    ### PARTIES

12    **A.    Plaintiff**

13    2.    Plaintiff AMOLAK DHALIWAL is a resident of the State of California.  At all
14    relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants
15    employed Plaintiff AMOLAK DHALIWAL as a non-exempt employee, with duties that included,
16    but were not limited to, inventory and inspecting machinery.  Plaintiff is informed and believes, and
17    based thereon alleges that Plaintiff AMOLAK DHALIWAL worked for Defendants from
18    approximately May of 2001 through approximately August of 2020.

19    **B.    Defendants**

20    3.    Plaintiff is informed and believes, and based thereon alleges that defendant ACE is,
21    and at all times relevant hereto was, a corporation organized and existing under and by virtue of the
22    laws of the State of Delaware and doing business in the County of Placer, State of California.

23    4.    Plaintiff is informed and believes and based thereon alleges that defendant
24    WOODMANSEE is, and at all times relevant hereto was, an individual residing in California, as
25    well as District Manager for ACE, and DOES 1 through 100, as further defined below.  Plaintiff is
26    further informed and believes and based thereon alleges that WOODMANSEE violated, or caused
27    to be violated, the above-referenced and below-referenced Labor Code provisions in violation of
28    Labor Code section 558.1.

5.       The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include ACE, WOODMANSEE, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

6.       Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

7.       All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.      Plaintiff is further informed and believes, and based thereon alleges that WOODMANSEE violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.      Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.     Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of ACE, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with WOODMANSEE and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A.      The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.      The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.      Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.      Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably

be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

11.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

12.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

13.   Venue is proper in Placer County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Placer County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Placer County, and because Defendants employ numerous Class Members in Placer County.

## **FACTUAL BACKGROUND**

14.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

15.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all minutes actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

16.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

17.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

/ / /

/ / /

18.      For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

19.      For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

20.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

21.      Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3, 510, 512, 558.1, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, waiting time penalties, wage statement penalties, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

22.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

**CLASS ACTION ALLEGATIONS**

23.         Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

24.         Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

25.         This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

26.         The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

27.         Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.    Commonality**

28.         There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all minutes worked at a proper overtime rate of pay?

/ / /

/ / /

B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

K.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M.   Are Class Members entitled to costs and attorneys' fees?

N.   Are Class Members entitled to interest?

/ / /

/ / /

/ / /

9

### C.    Typicality

29.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

### D.    Adequacy of Representation

30.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

### E.    Superiority of Class Action

31.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

32.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

33.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

34.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

1    35.    At all times relevant to this Complaint, Labor Code section 510 was in effect and

2  provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

3  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated

4  at the rate of no less than one and one-half times the regular rate of pay for an employee."

5    36.    At all times relevant to this Complaint, Labor Code section 510 further provided that

6  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

7  the regular rate of pay for an employee. In addition, any work in excess of eight hours on any

8  seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of

9  pay."

10    37.    Four (4) years prior to the filing of the Complaint in this Action through the present,

11  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

12  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

13  consecutive workdays in a workweek, without being paid overtime wages for all minutes worked as

14  a result of, including but not limited to, Defendants failing to accurately track and/or pay for all

15  minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class

16  Members.

17    38.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

18  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

19  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

20  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

21  applicable IWC Wage Orders, and California law.

22    39.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

23  been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

24  plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

25  and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

26                    **SECOND CAUSE OF ACTION**

27              **(Failure to Pay Minimum Wages – Against All Defendants)**

28    40.    Plaintiff realleges and incorporates by reference all of the allegations contained in

1 | the preceding paragraphs as though fully set forth hereat.

2 | 41.    At all relevant times, Plaintiff and Class Members were employees or former
3 | employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

4 | 42.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and
5 | Class Members were entitled to receive minimum wages for all minutes worked or otherwise under
6 | Defendants' control.

7 | 43.    For four (4) years prior to the filing of the Complaint in this Action through the
8 | present, Defendants failed, at times, to accurately track and/or pay for all minutes actually worked
9 | at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class
10 | Members.

11 | 44.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
12 | suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages
13 | for all minutes worked or otherwise due.

14 | 45.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure
15 | sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to
16 | recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated
17 | damages, reasonable attorneys' fees and costs of suit.

18 | **THIRD CAUSE OF ACTION**

19 | **(Failure to Provide Meal Periods – Against All Defendants)**

20 | 46.    Plaintiff realleges and incorporates by reference all of the allegations contained in
21 | the preceding paragraphs as though fully set forth hereat.

22 | 47.    At all relevant times, Plaintiff and Class Members were employees or former
23 | employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

24 | 48.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
25 | employ an employee for a work period of more than five (5) hours without a timely meal break of
26 | not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.
27 | Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours
28 | per day without providing the employee with a second timely meal period of not less than thirty (30)

1 | minutes in which the employee is relieved of all of his or her duties.

2 | 49.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
3 | with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
4 | the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate
5 | of compensation for each workday that the meal period is not provided.

6 | 50.      For four (4) years prior to the filing of the Complaint in this Action through the
7 | present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-
8 | free uninterrupted meal periods every five hours of work without waiving the right to take them, as
9 | permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the
10 | Class Member's regular rate of compensation on the occasions that Class Members were not
11 | provided compliant meal periods.

12 | 51.      By their failure to provide Plaintiff and Class Members compliant meal periods as
13 | contemplated by Labor Code section 512, among other California authorities, and failing, at times,
14 | to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
15 | violated the provisions of Labor Code section 512 and applicable Wage Orders.

16 | 52.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
17 | suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
18 | owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

19 | 53.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid
20 | additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
21 | interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
22 | Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

23 | **FOURTH CAUSE OF ACTION**

24 | **(Failure to Provide Rest Periods – Against All Defendants)**

25 | 54.      Plaintiff realleges and incorporates by reference all of the allegations contained in
26 | the preceding paragraphs as though fully set forth hereat.

27 | 55.      At all relevant times, Plaintiff and Class Members were employees or former
28 | employees of Defendants covered by applicable Wage Orders.

1 | / / /

2     56.      California law and applicable Wage Orders require that employers "authorize and

3 permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

4 work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

5 half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

6 work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

7 of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

8 thirty (30) minutes of paid rest period.

9     57.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

10 with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

11 Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

12 regular rate of compensation for each work day that the rest period is not provided.

13     58.      For four (4) years prior to the filing of the Complaint in this Action through the

14 present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

15 timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

16 thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

17 Member's regular rate of compensation on the occasions that Class Members were not authorized

18 or permitted to take compliant rest periods.

19     59.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take

20 rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

21 regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

22 willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

23     60.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

24 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

25 owed for rest periods that they were not authorized or permitted to take.

26     61.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

27 additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

28 interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

1   Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

2                                      **FIFTH CAUSE OF ACTION**

3           **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

4           62.     Plaintiff realleges and incorporates by reference all of the allegations contained in

5   the preceding paragraphs as though fully set forth hereat.

6           63.     At all relevant times, Plaintiff and Class Members were employees or former

7   employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

8   Wage Orders.

9           64.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

10  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

11  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to

12  discharge immediately upon termination.  Class Members who resigned were entitled to payment

13  of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation

14  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and

15  unpaid at the time of resignation.

16          65.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3)

17  years before the filing of the Complaint in this Action through the present, Defendants, due to the

18  failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

19  Members all wages earned prior to resignation or termination in accordance with Labor Code

20  sections 201 or 202.

21          66.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

22  Class Members all wages earned prior to termination or resignation in accordance with Labor Code

23  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

24  and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

25  but intentionally adopted policies or practices incompatible with the requirements of Labor Code

26  sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

27  or resignation.

28  / / /

1 | / / /

2 | 67.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

3 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or

4 | resignation, until paid, up to a maximum of thirty (30) days.

5 | 68.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

6 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

7 | prior to termination or resignation.

8 | 69.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

9 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

10 | waiting time penalties, interest, and their costs of suit, as well.

11 | **SIXTH CAUSE OF ACTION**

12 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

13 | 70.    Plaintiff realleges and incorporates by reference all of the allegations contained in

14 | the preceding paragraphs as though fully set forth hereat.

15 | 71.    At all relevant times, Plaintiff and Class Members were employees or former

16 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

17 | 72.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members

18 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

19 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net

20 | wages earned; and all applicable hourly rates in effect during the pay period and the corresponding

21 | number of hours worked at each hourly rate, among other things.

22 | 73.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

23 | before the filing of the Complaint in this Action through the present, Defendants failed to comply

24 | with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

25 | failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

26 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

27 | and all applicable hourly rates in effect during the pay period and the corresponding number of hours

28 | worked at each hourly rate, among other things.

74.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

75.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

76.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

77.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants

78.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

79.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

1    80.    Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

2    hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

3    that Plaintiff's employment contract with Defendants included paid vacations.

4    81.    For at least four (4) years prior to the filing of this action and continuing to the

5    present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

6    employees or former employees within the State of California with compensation at their final rate

7    of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

8    82.    As a proximate result of Defendants' failure to pay vested vacation at the final rate

9    of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor

10    Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at

11    their final rate of pay, as set out in Defendants' policy or the contract of employment between

12    Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

13    83.    As a further proximate result of Defendants' above-described acts and/or omissions,

14    Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

15    prejudgment interest.

16    **EIGHTH CAUSE OF ACTION**

17    **(Unfair Competition – Against All Defendants)**

18    84.    Plaintiff realleges and incorporates by reference all of the allegations contained in

19    the preceding paragraphs as though fully set forth hereat.

20    85.    Plaintiff is informed and believes, and based thereon alleges that the unlawful

21    conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business

22    and Professions Code section 17200. Due to their unlawful business practices in violation of the

23    Labor Code, Defendants have gained a competitive advantage over other comparable companies

24    doing business in the State of California that comply with their obligations to compensate employees

25    in accordance with the Labor Code.

26    86.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

27    Members have suffered injury in fact and lost money or property.

28    / / /

1    87.    Pursuant to Business and Professions Code section 17203, Plaintiff and Class

2  Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

3  Code and requiring the establishment of appropriate and effective means to prevent further

4  violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

5  including interest thereon, in which they had a property interest and which Defendants nevertheless

6  failed to pay them and instead withheld and retained for themselves. Restitution of the money owed

7  to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

8  by their failure to comply with the Labor Code.

9    88.    Plaintiff and Class Members are entitled to costs of suit under Code of Civil

10  Procedure section 1032 and interest under Civil Code section 3287.

11                              **DEMAND FOR JURY TRIAL**

12    89.    Plaintiff demands a trial by jury on all causes of action contained herein.

13                                      **PRAYER**

14        WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

15  against Defendants as follows:

16    A.    An order certifying this case as a Class Action;

17    B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's

18          counsel as class counsel;

19    C.    Damages for all wages earned and owed, including minimum, overtime wages and

20          unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

21          1194, 1197 and 1199 and 227.3;

22    D.    Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

23    E.    Damages for unpaid premium wages from missed meal and rest periods under,

24          among other Labor Code sections, 512, 558.1 and 226.7;

25    F.    Penalties for inaccurate wage statements under Labor Code sections 226,

26          subdivision (e) and 558.1;

27    G.    Waiting time penalties under Labor Code sections 203 and 558.1;

28  / / /

1     H.     Preliminary and permanent injunctions prohibiting Defendants from further

2            violating the California Labor Code and requiring the establishment of appropriate

3            and effective means to prevent future violations;

4     I.      Restitution of wages and benefits due which were acquired by means of any unfair

5            business practice, according to proof;

6     J.      Prejudgment and post-judgment interest at the maximum rate allowed by law;

7     K.     For attorneys' fees in prosecuting this action;

8     L.      For costs of suit incurred herein; and

9     M.     For such other and further relief as the Court deems just and proper.

10

11 Dated: September 8, 2020           BIBIYAN LAW GROUP, P.C.

12

13

14                            BY: _____

15                               JEFFREY D. KLEIN

16                               Attorneys for Plaintiff AMOLAK DHALIWAL on behalf of himself and all others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ACE HARDWARE CORPORATION, a Delaware corporation; DOUG WOODMANSEE, an individual; and DOES 1 through 100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>AMOLAK DHALIWAL, an individual and on behalf of himself all others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>**09/08/2021 at 11:29:31 AM**<br>By: Christina M Waggoner, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California<br>County of Placer -- Hon. Howard G. Gibson  Courthouse<br>10820 Justice Center Drive, Roseville, California 95678 | CASE NUMBER: *(Número del Caso):*<br>S-CV-0047279 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

| DATE:<br>*(Fecha)* | 09/08/2021 | Clerk, by<br>*(Secretario)* | Christina M Waggoner | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* ACE HARDWARE CORPORATION, A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*  10-01-2021

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

BIBIYAN LAW GROUP, P.C
David D. Bibiyan (Cal. Bar No. 287811)
8484 Wilshire Blvd, Suite 500
Beverly Hills, California 90211
TELEPHONE NO.: 310-438-5555   FAX NO.: 310-300-1705
ATTORNEY FOR *(Name):* Plaintiff: AMOLAK DHALIWAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville 95678
BRANCH NAME: Hon. Howard G. Gibson Courthouse

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
09/08/2021 at 11:29:31 AM
By: Christina M Waggoner, Deputy Clerk

CASE NAME:
DHALIWAL v. ACE HARDWARE CORPORATION, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | S-CV-0047279 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2021
Jeffrey D. Klein
_____ (TYPE OR PRINT NAME)   _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT D

# 𝕾𝖚𝖕𝖊𝖗𝖎𝖔𝖗 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕮𝖆𝖑𝖎𝖋𝖔𝖗𝖓𝖎𝖆
## 𝕴𝖓 𝖆𝖓𝖉 𝕱𝖔𝖗 𝕿𝖍𝖊 𝕮𝖔𝖚𝖓𝖙𝖞 𝖔𝖋 𝕻𝖑𝖆𝖈𝖊𝖗

**CASE NO. S-CV-0047279**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: **January 3, 2022**
TIME: ☒**2:00 P.M. If your case number starts with "S-CV"**
     ☐**2:30 P.M. If your case number starts with "S-CV" and is deemed Complex**
     ☐**3:00 P.M. If your case number starts with "M-CV"**
DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

EXHIBIT E

1    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2        Including Professional Corporations
      BROOKE SIKORA PURCELL, Cal. Bar No. 260058
3    LUIS ARIAS, Cal. Bar No. 317819
      Four Embarcadero Center, 17th Floor
4    San Francisco, California 94111-4109
      Telephone:      415.434.9100
5    Facsimile:      415.434.3947
      E mail          bpurcell@sheppardmullin.com
6                      larias@sheppardmullin.com

7    Attorneys for Defendant Ace Hardware
      Corporation

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF PLACER

11

12   AMOLAK DHALIWAL,                    Case No. S-CV-0047279

13              Plaintiff,                **DEFENDANT ACE HARDWARE
                                          CORPORATION'S ANSWER TO
14         v.                             PLAINTIFF'S CLASS ACTION
                                          COMPLAINT**
15   ACE HARDWARE CORPORATION, a
      Delaware corporation; DOUG
16   WOODMANSEE, an individual; and DOES 1
      through 100, inclusive,,            [Complaint Filed: September 08, 2021]

17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Placer
11/03/2021 at 08:59:45 PM
By: Marina C Olivarez Fuentes, Deputy Cle

Defendant Ace Hardware Corporation ("Defendant") hereby answers the unverified Class Action Complaint ("Complaint") of Plaintiff Amolak Dhaliwal ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies each and every allegation of Plaintiff's unverified Complaint.  Defendant further denies, generally and specifically, that Plaintiff, or any similarly situated employee has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of the Defendant, or on the part of any of Defendant's agents, servants, employees, representatives or any other person or entity for whose acts Defendant is responsible.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

2.      The Complaint, and each and every purported cause of action alleged therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue his administrative remedies with the Division of Labor Standards Enforcement and/or Workforce Development Agency, which have primary jurisdiction over these claims.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

3.      The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 338, 339, 340, 343, and California Business & Professions Code section 17208.

**FOURTH AFFIRMATIVE DEFENSE**

(Inadequacy of Class Representative)

4.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is not a proper or adequate representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

**FIFTH AFFIRMATIVE DEFENSE**

(Inadequacy of Class Counsel)

5.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's counsel is not adequate to serve as counsel for the proposed class and, accordingly, this action is not properly brought as a class action.

**SIXTH AFFIRMATIVE DEFENSE**

(No Commonality)

6.      Defendant is informed and believes, and based upon such information and belief alleges, that individual questions of fact and law predominate, and there is a lack of common issues of fact or law, and accordingly, this action is not properly brought as a class action.

**SEVENTH AFFIRMATIVE DEFENSE**

(Lack of Numerosity)

7.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff cannot maintain a class action because the purported class is not sufficiently numerous.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Typicality)

8.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff cannot maintain a class action because Plaintiff's claims are not typical of the class he purports to represent.

**NINTH AFFIRMATIVE DEFENSE**

(No Ascertainable Class)

9.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff cannot properly bring this case as a class action because he has failed to plead an ascertainable class.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Superiority)

10.      Defendant is informed and believes, and based upon such information and belief alleges, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

11.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the Complaint and lacks standing to represent the putative class.

**TWELFTH AFFIRMATIVE DEFENSE**

(Laches)

12.      The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because he did not act within a reasonable time in seeking the wages at issue, or otherwise reporting any alleged violation of wage and hour laws, and has unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

13.     The Complaint, and each and every purported cause of action set forth therein are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

14.     Defendant is informed and believes that Plaintiff and the putative class have waived some or all of the purported causes of action alleged in the Complaint by virtue of their prior representations, actions, and/or inaction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

15.     The Complaint, and each and every purported cause of action set forth therein are barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust)

16.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to him under the California Labor Code or other provisions of law or contract prior to commencing this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Consent)

17.     Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

1    **EIGHTEENTH AFFIRMATIVE DEFENSE**

2    (Justification)

3    18.    Any acts alleged to have been committed by Defendant were committed in the

4  exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon

5  legitimate factors, and were reasonable and justified under the circumstances.

6    **NINETEENTH AFFIRMATIVE DEFENSE**

7    (Adequate Remedy at Law)

8    19.    Defendant alleges that Plaintiff and/or the putative class members are not entitled

9  to equitable relief insofar as they have adequate remedies at law.

10    **TWENTIETH AFFIRMATIVE DEFENSE**

11    (Unknown Conduct / Outside Course and Scope of Employment)

12    20.    Defendant is informed and believes, and based upon such information and belief

13  alleges, that the Complaint and/or each purported cause of action therein cannot be maintained

14  against Defendant because the acts or omissions alleged in the Complaint were committed outside

15  the course and scope of Plaintiff's employment, were not authorized, adopted or ratified by

16  Defendant did not know or nor should it have known of such conduct.

17    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

18    (Set-Off / Offset / Recoupment)

19    21.    The Complaint, and each and every purported cause of action alleged therein, is

20  subject to setoff, offset and/or recoupment to the extent Plaintiff and/or the putative class members

21  have already been compensated for the hours worked and/or business expenses for which they

22  seek compensation here.

23    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24    (Uncertainty)

25    22.    Defendant alleges the Complaint, and each and every purported cause of action

26  alleged therein, are uncertain.

27

28

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Specificity)

23.     Defendant alleges Plaintiff has failed to allege special damages or any other damages with requisite specificity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Bus. & Prof. Code § 17200 *et seq.* - No Penalties)

24.     Defendant alleges that Plaintiff and the putative class members cannot recover waiting time or other penalties, including under California Business and Professions Code section 17200 *et seq.*

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Business Practices Not Unlawful)

25.     Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq.*

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Attorneys' Fees)

26.     Defendant alleges that the Complaint fails to state a claim for attorneys' fees, including but not limited to, under Labor Code sections 226, and 1194, Code of Civil Procedure 1021.5 and 1032, Business and Professions Code section 17200, *et seq.,* or under any other statute or provision.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(*Bona Fide* Dispute)

27.     Defendant alleges that Plaintiff's claims for penalties, including waiting time penalties under Labor Code section 203, are barred because (1) a good faith, *bona fide* dispute exists or existed as to whether additional compensation and/or expenses are actually due to Plaintiff and/or the putative class members and, if so, the amount thereof, (2) Defendant has not intentionally or willfully failed to pay such additional compensation, and (3) to impose penalties in this action would be inequitable and unjust.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Labor Code § 203 – No Willful or Intentional Violation)

28.     Defendant alleges that it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members within the meaning and scope of California Labor Code section 203.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Labor Code §226 – No Intentional Failure)

29.     Defendant alleges that, even assuming Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant alleges failure to comply with California Labor Code section 226 was not a "knowing and intentional failure" under California Labor Code section 226(e).

## THIRTIETH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Clerical Error/Inadvertent Mistake)

30.     Defendant alleges that, even assuming Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant alleges failure to comply with California Labor Code section 226 was the result of a clerical error or inadvertent mistake.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Injury)

31.     Defendant alleges that Plaintiff and/or the putative class members have not suffered any injury or damage whatsoever because, among other reasons, the information contained on wage statements as required by Labor Code section 226 may be promptly and easily ascertained without reference to other documents or information.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(*Res Judicata,* Bar and Merger, Settlement/Release)

32.     Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, are or will become subject to settlement/release agreements, and/or decisions of other class or representative actions, which constitute a complete or partial bar to the present action, and/or are subject to the doctrine of *res judicata.*

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Collateral Estoppel)

33.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of collateral estoppel.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

34.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is barred, in whole or in part, from recovery of any damages based upon the doctrine of after-acquired evidence.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

35.     Defendant is informed and believes that, Plaintiff, and any purported class members, have failed to exercise reasonable care to mitigate their damages, and if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such failure.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Unconstitutional Wage Order)

36.     Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure by Plaintiff to Follow Directions)

37.    Defendant is informed and believes that a reasonably opportunity for investigation and discovery will reveal, and on that basis allege, that any failure to comply with Defendant's reasonable instructions was the result of failure by Plaintiff and/or the putative class members to follow Defendant's reasonable instructions.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Binding Arbitration)

38.    Defendant alleges that the Complaint, and each and every cause of action set forth therein, or some of them, cannot be maintained against Defendant to the extent the claims of Plaintiff and/or the putative class members are subject to binding agreements to arbitrate.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Bad Faith)

39.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

## FORTIETH AFFIRMATIVE DEFENSE

### (Breach of Duty)

40.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims and those of any putative class members, are barred by his or their own breach of duties owed to Defendant under the California Labor Code.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Penalties or Liquidated Damages – Good Faith)

41.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or any Order of the Industrial Welfare Commission was an act or omission made in good faith; that Defendant had

reasonable grounds for believing that it complied with all applicable laws; and that Plaintiff and/or putative class members cannot recover penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

42.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

43.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Meal Period Violations)

44.    To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendant is not liable for failure to provide a meal period because it permitted the employees a bona fide opportunity to take a complaint meal period but the employees voluntarily chose not to take the meal period Defendant provided.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

(No Private Right of Action)

45.     Defendant alleges that there is no private right of action to recover the penalties sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for seeking any such penalties.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

(Breach of Duty)

46.     Defendant is informed and believes that a reasonable opportunity for an investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, and those of any putative class members, are barred by their own breach of the duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

47.     Defendant is informed and believes that Plaintiff and/or the putative class has waived some or all of the purported causes of action alleged in the Complaint by virtue of their prior representations, actions and/or inaction.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Knowledge)

48.     Defendant alleges it had no knowledge, and could not reasonably have known, of any off-the clock work by Plaintiff, the putative class and/or the allegedly aggrieved employees.

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Concurrent Exclusive Jurisdiction)

49.     Plaintiff's causes of action against Defendant overlaps with, and/or are subsumed by, the claims alleged in earlier-filed actions.  As a result, California Code of Civil Procedure section 430.10 and/or the doctrine of exclusive concurrent jurisdiction require abatement of Plaintiff's action.

**FIFTIETH AFFIRMATIVE DEFENSE**

(Violation of Due Process)

50.    Defendant alleges that certification of a class as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Defendant further alleges that the penalties Plaintiff demands are excessive and violate Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

51.    Defendant alleges that Plaintiff and/or the putative class members' claims have been released, settled, satisfied, extinguished, and/or supported by adequate consideration in full accord and satisfaction of all of Defendant alleges obligations.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(De Minimis)

52.    Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant acts or omissions, if any, and the alleged time involved and/or damages are *de minimis*.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

//

//

//

//

//

//

1

**<u>PRAYER</u>**

2

WHEREFORE, Defendant prays for judgment as follows:

3

1.    That the Complaint be dismissed with prejudice in its entirety;

4

2.    That Plaintiff takes nothing by reason of the Complaint;

5

3.    That Defendant be awarded its costs of suit and reasonable attorneys' fees to the

6

extent provided by law; and,

7

4.    For such other and further relief as the Court may deem just and proper.

8

9

Dated:  November 3, 2021

10

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12

By    _____

13

BROOKE SIKORA PURCELL

14

LUIS ARIAS

Attorneys for Ace Hardware Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

**Amolak Dhaliwal v. Ace Hardware Corporation**
**S-CV-0047279**

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On November 3, 2021, I served true copies of the following document(s) described as **DEFENDANT ACE HARDWARE CORPORATION'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Bibiyan Law Group, P.C.                *Attorneys for Plaintiff Amolak Dhaliwal*
David D. Bibiyan
Jeffrey D. Klein
Diego Aviles
8484 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90211
Telephone: (310) 438-5555
Facsimile : (310) 300-1705

Email:  david@tomorrowlaw.com
         jeff@tomorrowlaw.com
         diego@tomorrowlaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 3, 2021, at San Francisco, California.

_____
Lydia Arago Schou

-15-

EXHIBIT F

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BROOKE S. PURCELL SBN 260058 /LUIS F. ARIAS SBN 317819 SHEPPARD, MULLIN, RICHTER & HAMPTON Four Embarcadero Center, 17th Floor San Francisco, California 94111-4109 | **ELECTRONICALLY FILED** Superior Court of California, County of Placer **11/12/2021** at 02:05:13 PM |

TELEPHONE NO.: 415.434.9100          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):* bpurcell@sheppardmullin.com/ larias@sheppardmullin.com

ATTORNEY FOR *(Name):* Defendant ACE HARDWARE CORPORATION

By: Marina C Olivarez Fuentes, Deputy Cle

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**

STREET ADDRESS: 10820 Justice Center Dr
MAILING ADDRESS: 10820 Justice Center Dr
CITY AND ZIP CODE: ROSEVILLE, CA 95678
BRANCH NAME: Hon. Howard G. Gibson Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: AMOLAK DHALIWAL | CASE NUMBER: S-CV-0047279 |
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | JUDICIAL OFFICER: Trisha Hirashima |
| **NOTICE OF RELATED CASE** | DEPT.: 40 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: GERARDO NEGRETE v. ACE HARDWARE CORPORATION
   b. Case number: S-CV-0047091
   c. Court: ☒ same as above
      ☐ other state or federal court *(name and address):*
   d. Department: 40
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
   f. Filing date: August 3, 2021
   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☒ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: GERARDO NEGRETE v. ACE HARDWARE CORPORATION (PAGA)
   b. Case number: S-CV-0047322
   c. Court: ☒ same as above
      ☐ other state or federal court *(name and address):*
   d. Department: 40

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-015

| PLAINTIFF/PETITIONER:    AMOLAK DHALIWAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  ACE HARDWARE CORPORATION | S-CV-0047279 |

2. *(continued)*

   e. Case type:  ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f. Filing date: September 17, 2021

   g. Has this case been designated or determined as "complex?"  ☒ Yes  ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☒ involves the same parties and is based on the same or similar claims.

   ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

   ☒ pending

   ☐ dismissed  ☐ with  ☐ without prejudice

   ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court:  ☐ same as above

   ☐ other state or federal court *(name and address)*:

   d. Department:

   e. Case type:  ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f. Filing date:

   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

   ☐ pending

   ☐ dismissed  ☐ with  ☐ without prejudice

   ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached:_____

Date: November 11, 2021

Luis Arias
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   DHALIWAL | CASE NUMBER:<br>S-CV-0047279 |
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

    a. ☐    deposited the sealed envelope with the United States Postal Service.

    b. ☐    placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:

    a.  on *(date):*

    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:

    a.  Name of person served:

        Street address:

        City:

        State and zip code:

    c.  Name of person served:

        Street address:

        City:

        State and zip code:

    b.  Name of person served:

        Street address:

        City:

        State and zip code:

    d.  Name of person served:

        Street address:

        City:

        State and zip code:

☐    Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

American LegalNet, Inc.<br>www.FormsWorkflow.com

<u>PROOF OF SERVICE</u>

**Amolak Dhaliwal v. Ace Hardware Corporation**
**S-CV-0047279**

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On November 12, 2021, I served true copies of the following document(s) described as **NOTICE OF RELATED CASE**  on the interested parties in this action as follows:

Bibiyan Law Group, P.C.                    *Attorneys for Plaintiff Amolak Dhaliwal*
David D. Bibiyan
Jeffrey D. Klein
Diego Aviles
8484 Wilshire Boulevard, Suite 500
Beverly Hills, CA  90211
Telephone: (310) 438-5555
Facsimile : (310) 300-1705

Email:  david@tomorrowlaw.com
          jeff@tomorrowlaw.com
          diego@tomorrowlaw.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 12, 2021, at San Francisco, California.

Lydia Arago Schou

-15-

EXHIBIT G

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

BROOKE SIKORA PURCELL (Cal Bar No. 260058)
LUIS ARIAS (Cal Bar No. 317819)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4109

TELEPHONE NO.: 415.434.9100    FAX NO. *(Optional)*: 415.434.3947
E-MAIL ADDRESS: bpurcell@sheppardmullin.com; larias@sheppardmullin.com
ATTORNEY FOR *(Name)*: Defendant Ace Hardware Corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
12/17/2021 at 04:16:55 PM
y: Marina C Olivarez Fuentes, Deputy Cle

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Roseville, 95678
BRANCH NAME: Hon. Howard Gibson Gibson Courthouse

PLAINTIFF/PETITIONER: AMOLAK DHALIWAL

DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | S-CV-0047279 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 3, 2022    Time: 2:00 p.m.    Dept.: 40    Div.:    Room:
Address of court *(if different from the address above)*:

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Luis Arias

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒  This statement is submitted by party *(name)*: Defendant Ace Hardware Corporation
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not)*:

       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

       (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:
      Wage and hour class action and representative action under the Private Attorney's General Act (PAGA).

---

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: AMOLAK DHALIWAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | S-CV-0047279 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that Defendant failed to pay overtime wages, minimum wages, to provide meal and rest periods, to provide accurate itemized wage statements, to timely pay all wages due at separation, to pay all vested vacation at separation, and unfair business practices. Plaintiff also alleges claims under PAGA.   Defendant denies all claims.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial    ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See Attachment

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒ days *(specify number):* 10-15

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                        f.  Fax number:

e.  E-mail address:                                          g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel    ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party    ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
See Code of Civil Procedure Section 1775.5, and California Rules of Court, Rule 3.811(b)(8)


American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: AMOLAK DHALIWAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | S-CV-0047279 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: AMOLAK DHALIWAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | S-CV-0047279 |

**11. Insurance**

   a.  ☐  Insurance carrier, if any, for party filing this statement *(name):*

   b.  Reservation of rights:  ☐ Yes  ☐ No

   c.  ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐  Bankruptcy    ☐  Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a.  ☒  There are companion, underlying, or related cases.

         (1) Name of case: Gerardo Negrete v. Ace Hardware Corporation

         (2) Name of court: Placer County Superior Court

         (3) Case number: S-CV-0047091

         (4) Status: pending

     ☒  Additional cases are described in Attachment 13a.

   b.  ☐  A motion to  ☐ consolidate  ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**

   ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a.  ☐  The party or parties have completed all discovery.

   b.  ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | August 2022 |
| Defendant | Plaintiff's Deposition | October 2022 |
| Defendant | Expert Discovery | January 2023 |

   c.  ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: AMOLAK DHALIWAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACE HARDWARE CORPORATION | S-CV-0047279 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 17, 2021

Luis Arias
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**


American LegalNet, Inc.
www.FormsWorkFlow.com

ATTACHMENT  6 (c)

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Amolak Dhaliwal v. Ace Hardware Corporation | S-CV-0047279 |

**ATTACHMENT** *(Number):* 6.c.

*(This Attachment may be used with any Judicial Council form.)*

6. Trial Date

C. Dates on which parties or attorneys will not be available for trial:

Trials/arbitrations: 12/6/2021-12/13/2021, 3/14/2022-3/18/2022, 4/8/2022-4/18/2022, 6/6/2022-6/14/2022, 9/12/2022-9/16/2022, 9/27/2022-9/30/2022, 10/24/2022-10/28/2022, 12/12/2022-12/16/2022.

Preplanned vacations: 12/28/2021-1/4/2022; 2/21/22-2/25/22; 3/23/22-3/35/22.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___6___ of ___7___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

ATTACHMENT  13 (b)

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gerardo Negrete v. Ace Hardware Corporation | S-CV-0047091 |

**ATTACHMENT** *(Number):* 13.b.

*(This Attachment may be used with any Judicial Council form.)*

(1) Name of Case: Gerardo Negrete v. Ace Hardware Corporation
(2) Name of Court: Placer County Superior Court
(3) Case number: S-CV-0047322
(4) Status: pending


(1) Name of Case: Bennett Ley v. Ace Hardware Corporation
(2) Name of Court: Sacramento County Superior Court
(3) Case number: n/a
(4) Status: pending

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

<u>PROOF OF SERVICE</u>

**Amolak Dhaliwal v. Ace Hardware Corporation**
**S-CV-0047279**

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On December 17, 2021, I served true copies of the following document(s) described as **DEFENDANT ACE HARDWARE CORPORATION'S CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

Bibiyan Law Group, P.C.                    *Attorneys for Plaintiff Amolak Dhaliwal*
David D. Bibiyan
Jeffrey D. Klein
Diego Aviles
8484 Wilshire Boulevard, Suite 500
Beverly Hills, CA  90211
Telephone: (310) 438-5555
Facsimile : (310) 300-1705

Email:  david@tomorrowlaw.com
         jeff@tomorrowlaw.com
         diego@tomorrowlaw.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 17, 2021, at San Francisco, California.

_____
Lydia Arago Schou

-1-

EXHIBIT H

1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (Cal. Bar No. 287811)
2  *david@tomorrowlaw.com*
   Jeffrey D. Klein (Cal. Bar No. 297296)
3  *jeff@tomorrowlaw.com*
   Diego Aviles (Cal. Bar No. 315533)
4  *diego@tomorrowlaw.com*
   8484 Wilshire Boulevard, Suite 500
5  Beverly Hills, California 90211
   Tel: (310) 438-5555; Fax: (310) 300-1705
6
   Attorneys for Plaintiff, AMOLAK DHALIWAL and
7  on behalf of himself and all others similarly situated and aggrieved

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF PLACER**

10

11  AMOLAK DHALIWAL, an individual and on          CASE NO.: S-CV-0047279
    behalf of himself all others similarly situated,
12                                                 [Assigned for all purposes to the Hon. Trisha
                                                   Hirashima in Dept. 40]
13
                    Plaintiffs,                    **FIRST AMENDED CLASS AND**
14                                                 **REPRESENTATIVE ACTION**
         v.                                        **COMPLAINT FOR:**
15
    ACE HARDWARE CORPORATION, a                    1. FAILURE TO PAY OVERTIME WAGES;
16  Delaware corporation; DOUG
    WOODMANSEE, an individual; and DOES 1          2. FAILURE TO PAY MINIMUM WAGES;
17  through 100, inclusive,
                                                   3. FAILURE TO PROVIDE MEAL
18                                                    PERIODS;
                    Defendants.
19                                                 4. FAILURE TO PROVIDE REST PERIODS;

20                                                 5. WAITING TIME PENALTIES;

21                                                 6. WAGE STATEMENT VIOLATIONS;

22                                                 7. VIOLATION OF LABOR CODE § 227.3

23                                                 8. UNFAIR COMPETITION.

24                                                 9. CIVILPENALTIES UNDER THE LABOR
                                                      CODE PRIVATE ATTORNEYS'
25                                                    GENERAL ACT OF 2004

26

27                                                 **DEMAND FOR JURY TRIAL**

28                                                 [Amount in Controversy Exceeds $25,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

FIRST AMENDED CLASS ACTION COMPLAINT

1  COMES NOW plaintiff AMOLAK DHALIWAL ("Plaintiff"), on behalf of Plaintiff and all

2  others similarly situated and aggrieved, and alleges as follows:

3  **GENERAL ALLEGATIONS**

4  **INTRODUCTION**

5  1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against ACE

6  HARDWARE CORPORATION, and any of its respective subsidiaries or affiliated companies

7  within the State of California ("ACE") and DOUG WOODMANSEE, an individual

8  ("WOODMANSEE" and, with DOES 1 through 100, as further defined below, "Defendants") on

9  behalf of Plaintiff and all other current and former non-exempt California employees employed by

10  or formerly employed by Defendants ("Class Members").

11  2.      This is also a representative action, pursuant to the Labor Code Private Attorneys

12  General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against Defendants,

13  as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"),

14  on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working

15  within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims

16  for failure to comply with Labor Code section 2810.5, Labor Code section 203, Labor Code section

17  226, Labor Code section 227.3, Labor Code section 246, *et seq.*, Labor Code section 2802, restraints

18  on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants

19  working within the Civil Penalty Period (collectively, "Aggrieved Employees").

20  **PARTIES**

21  A.      **Plaintiff**

22  3.      Plaintiff AMOLAK DHALIWAL is a resident of the State of California.  At all

23  relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants

24  employed Plaintiff AMOLAK DHALIWAL as a non-exempt employee, with duties that included,

25  but were not limited to, inventory and inspecting machinery.  Plaintiff is informed and believes, and

26  based thereon alleges that Plaintiff AMOLAK DHALIWAL worked for Defendants from

27  approximately May of 2001 through approximately August of 2020.

28  / / /

2

## B.    Defendants

4.    Plaintiff is informed and believes, and based thereon alleges that defendant ACE is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Placer, State of California.

5.    Plaintiff is informed and believes and based thereon alleges that defendant WOODMANSEE is, and at all times relevant hereto was, an individual residing in California, as well as District Manager for ACE, and DOES 1 through 100, as further defined below. Plaintiff is further informed and believes and based thereon alleges that WOODMANSEE violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include ACE, WOODMANSEE, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.    Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

1    employment, joint venture, and conspiracy.

2        8.        All of the acts and conduct described herein of each and every corporate defendant

3    was duly authorized, ordered, and directed by the respective and collective defendant corporate

4    employers, and the officers and management-level employees of said corporate employers. In

5    addition thereto, said corporate employers participated in the aforementioned acts and conduct of

6    their said employees, agents, and representatives, and each of them; and upon completion of the

7    aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

8    corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

9    acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

10    aforementioned corporate employees, agents and representatives.

11        9.        Plaintiff is further informed and believes, and based thereon alleges that

12    WOODMANSEE violated, or caused to be violated, the above-referenced and below-referenced

13    Labor Code provisions in violation of Labor Code section 558.1.

14        10.        Plaintiff is informed and believes, and based thereon alleges, that there exists such a

15    unity of interest and ownership between Defendants, and each of them, that their individuality and

16    separateness have ceased to exist.

17        11.        Plaintiff is informed and believes, and based thereon alleges that despite the

18    formation of the purported corporate existence of ACE, and DOES 1 through 50, inclusive (the

19    "Alter Ego Defendants"), they, and each of them, are one and the same with WOODMANSEE and

20    DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the

21    following reasons:

22        A.    The Alter Ego Defendants are completely dominated and controlled by the Individual

23            Defendants who personally committed the wrongful and illegal acts and violated the

24            laws as set forth in this Complaint, and who has hidden and currently hide behind the

25            Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some

26            other wrongful or inequitable purpose;

27        B.    The Individual Defendants derive actual and significant monetary benefits by and

28            through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

Defendants as the funding source for the Individual Defendants' own personal expenditures;

C. Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D. Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E. The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

12. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

/ / /

/ / /

**JURISDICTION**

13.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

14.      Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

15.      Venue is proper in Placer County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Placer County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Placer County, and because Defendants employ numerous Class Members in Placer County.

16.      Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

17.      Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v.*

1    *Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the

2    PAGA allegations described herein is not required.

3        18.        During the period beginning one (1) year preceding the provision of notice to the

4    LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"),

5    Defendants violated, *inter alia*, Labor Code sections 96, 98.6, 200, 201, 202, 203, 204, 210, 226,

6    226.3, 226.7, 227.3, 232, 232.5, 246, *et seq.*, 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197,

7    1197.1, 1197.5, 1198.5, 2699, 2802, and 2810.5, among others.

8        19.        Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees

9    such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within

10    the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures

11    specified in Labor Code section 2699.3.

12        20.        On or around September 22, 2021, Plaintiff provided written notice pursuant to Labor

13    Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants'

14    violation of various, including the herein-described, provisions of the Labor Code, to the LWDA,

15    as well as by certified mail, with return receipt requested to Defendants, and each of them.

16        21.        Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not

17    provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65)

18    calendar days of the September 22, 2021 postmarked date of the herein-described notice sent by

19    Plaintiff to the LWDA and Defendants.

20        22.        On April 6, 2020, the Judicial Council of California approved Appendix 1 –

21    Emergency Rules Related to COVID-19.  Pursuant to the Amended Emergency Rule 9 of the

22    California Rules of Court, subdivision (a), the statutes of limitations and repose for civil causes of

23    action were tolled from April 6, 2020 until October 1, 2020.

24                            **FACTUAL BACKGROUND**

25        23.        For at least four (4) years prior to the filing of this action and continuing to the

26    present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

27    some of them, in violation of California state wage and hour laws as a result of, without limitation,

28    Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

1  seven consecutive work days in a work week without being properly compensated for hours worked

2  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

3  worked on the seventh consecutive work day in a work week by, among other things, failing to

4  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

5  detriment of Plaintiff and Class Members.

6      24.       For at least four (4) years prior to the filing of this Action and continuing to the

7  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

8  or some of them, in violation of California state wage and hour laws as a result of, among other

9  things, at times, failing to accurately track and/or pay for all minutes actually worked at their regular

10  rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

11      25.       For at least four (4) years prior to the filing of this Action and continuing to the

12  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

13  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

14  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

15  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

16  for such unprovided meal periods as required by California wage and hour laws.

17      26.       For at least four (4) years prior to the filing of this action and continuing to the

18  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

19  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

20  fraction thereof and failed to provide compensation for such unprovided rest periods as required by

21  California wage and hour laws.

22      27.       For at least three (3) years prior to the filing of this action and continuing to the

23  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

24  full amount of their wages owed to them upon termination and/or resignation as required by Labor

25  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

26  minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

27      28.       For at least one (1) year prior to the filing of this Action and continuing to the present,

28  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

1    itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

2    earned; all applicable hourly rates in effect during the pay period and the corresponding number of

3    hours worked at each hourly rate; and other such information as required by Labor Code section

4    226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with

5    an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

6        29.      At all relevant times mentioned herein, Defendants had and have a policy or practice

7    of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish

8    Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment

9    under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records

10    under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to

11    calculate their unpaid wages and/or premium payments, to the detriment of Plaintiff and other

12    Aggrieved Employees.

13        30.      For at least four (4) years prior to the filing of this action and continuing to the

14    present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

15    employees or former employees within the State of California with compensation at their final rate

16    of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

17        31.      At all relevant times mentioned herein, Defendants have had a policy or practice of

18    failing and refusing, and continue to fail and refuse, to reimburse employees, including, without

19    limitation, Plaintiff and other Aggrieved Employees, with their costs incurred for driving personal

20    vehicles (*i.e.*, mileage and gas), purchasing uniforms, providing uniform and other deposits,

21    separately laundering mandatory uniforms, for the purchase of tools and safety equipment (including

22    work boots to handle oil), for the purchase and maintenance of cellular phones and cellular phone

23    plans, in direct consequence of the discharge of their duties, or of their obedience to the directions

24    of Defendants, as required by Labor Code 2802.

25        32.      At all relevant times mentioned herein, Defendants have had a policy or practice of

26    failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft

27    Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved

28    Employees with the rates of pay and overtime rates of pay applicable to their employment;

allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

33.     At all relevant times mentioned herein, Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law (including, without limitation Labor Code section 246, *et seq.*), and also did not permit its use upon request as contemplated under California laws, to the detriment of Plaintiff and all other Aggrieved Employees.

34.     At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive of any calendar month, shall be paid for between the 1st and 10th day of the following month."

35.     At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer. Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

36.     Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section

1102.5.  In addition, Plaintiff is informed and believes that Defendants' herein-described policies

and/or practices prevent Plaintiff and/or other Aggrieved Employees from disclosing information

about unsafe or discriminatory working conditions, or about wage and hour violations in violation

of Labor Code section 232 and 232.5.

37.    Defendants had and have a policy or practice of preventing Plaintiff and/or other

Aggrieved Employees from engaging in lawful conduct during non-work hours, thus violating state

statutes entitling employees to disclose wages, working conditions, and illegal conduct, including,

without limitation, Labor Code sections 96, subdivision (k), 98.6, 232, 232.5, and 1197.5,

subdivision (k).  Plaintiff is informed and believes that this lawful conduct includes the exercise of

Plaintiff's and/or other Aggrieved Employee's constitutional rights of freedom of speech and

economic liberty.

38.    Plaintiff, on his own behalf and on behalf of Class Members, brings this action

pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3,

510, 512, 558.1, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040,

seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest

periods, waiting time penalties, wage statement penalties, failing to pay vested vacation time at the

proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

39.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

prohibiting Defendants from further violating the Labor Code and requiring the establishment of

appropriate and effective means to prevent further violations, as well as all monies owed but

withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

restitution of amounts owed.

40.    Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor

Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate

the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved

Employees pursuant to PAGA.

/ / /

**CLASS ACTION ALLEGATIONS**

41.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

42.    Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

43.    This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

44.    The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

45.    Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.    Commonality**

46.    There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all minutes worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that

12

1    is greater than the applicable minimum wage?

2    C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting

3    Class Members to take compliant meal periods?

4    D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

5    with additional wages for missed or interrupted meal periods?

6    E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting

7    Class Members to take compliant rest periods?

8    F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

9    with additional wages for missed rest periods?

10    G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

11    Members upon termination or resignation all wages earned?

12    H.    Are Defendants liable to Class Members for waiting time penalties under Labor Code

13    section 203?

14    I.    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

15    Class Members with accurate wage statements?

16    J.    Did Defendants violate Labor Code section 227.3 by not providing Class Members

17    with compensation at their final rate of pay for vested paid vacation time.

18    K.    Did Defendants violate the Unfair Competition Law, Business and Professions Code

19    section 17200, *et seq.*, by their unlawful practices as alleged herein?

20    L.    Are Class Members entitled to restitution of wages under Business and Professions

21    Code section 17203?

22    M.    Are Class Members entitled to costs and attorneys' fees?

23    N.    Are Class Members entitled to interest?

24    **C.    Typicality**

25    47.    The claims of Plaintiff herein alleged are typical of those claims which could be

26    alleged by any Class Members, and the relief sought is typical of the relief which would be sought

27    by each Class Member in separate actions.    Plaintiff and Class Members sustained injuries and

28    damages arising out of and caused by Defendants' common course of conduct in violation of laws

1  and regulations that have the force and effect of law and statutes as alleged herein.

2      **D.**    **Adequacy of Representation**

3      48.    Plaintiff will fairly and adequately represent and protect the interest of Class

4  Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and

5  hour class actions.

6      **E.**    **Superiority of Class Action**

7      49.    A class action is superior to other available means for the fair and efficient

8  adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

9  questions of law and fact common to Class Members predominate over any questions affecting only

10 individual Class Members. Class Members, as further described therein, have been damaged and

11 are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

12 violation of the Labor Code at times, as set out herein.

13     50.    Class action treatment will allow Class Members to litigate their claims in a manner

14 that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of

15 any difficulties that are likely to be encountered in the management of this action that would

16 preclude its maintenance as a class action.

17                 **FIRST CAUSE OF ACTION**

18         **(Failure to Pay Overtime Wages – Against All Defendants)**

19     51.    Plaintiff realleges and incorporates by reference all of the allegations contained in

20 the preceding paragraphs as though fully set forth hereat.

21     52.    At all relevant times, Plaintiff and Class Members were employees or former

22 employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

23 Wage Orders.

24     53.    At all times relevant to this Complaint, Labor Code section 510 was in effect and

25 provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

26 one workday and any work in excess of forty hours in any one workweek . . . shall be compensated

27 at the rate of no less than one and one-half times the regular rate of pay for an employee."

28 / / /

54.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

55.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all minutes worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

56.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

57.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

58.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

59.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

/ / /

60.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all minutes worked or otherwise under Defendants' control.

61.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all minutes actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

62.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all minutes worked or otherwise due.

63.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

64.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

65.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

66.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

67.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

1  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate

2  of compensation for each workday that the meal period is not provided.

3      68.    For four (4) years prior to the filing of the Complaint in this Action through the

4  present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-

5  free uninterrupted meal periods every five hours of work without waiving the right to take them, as

6  permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

7  Class Member's regular rate of compensation on the occasions that Class Members were not

8  provided compliant meal periods.

9      69.    By their failure to provide Plaintiff and Class Members compliant meal periods as

10 contemplated by Labor Code section 512, among other California authorities, and failing, at times,

11 to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

12 violated the provisions of Labor Code section 512 and applicable Wage Orders.

13     70.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

14 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

15 owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

16     71.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid

17 additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

18 interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

19 Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

20                         **FOURTH CAUSE OF ACTION**

21            **(Failure to Provide Rest Periods – Against All Defendants)**

22     72.    Plaintiff realleges and incorporates by reference all of the allegations contained in

23 the preceding paragraphs as though fully set forth hereat.

24     73.    At all relevant times, Plaintiff and Class Members were employees or former

25 employees of Defendants covered by applicable Wage Orders.

26     74.    California law and applicable Wage Orders require that employers "authorize and

27 permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

28 work period "or major fraction thereof."  Accordingly, employees who work shifts of three-and-a-

half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

75.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

76.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

77.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

78.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

79.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

80.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

81.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

82.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

83.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

84.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

85.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or

19

1    resignation, until paid, up to a maximum of thirty (30) days.

2    86.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

3    suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

4    prior to termination or resignation.

5    87.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

6    1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

7    waiting time penalties, interest, and their costs of suit, as well.

8    ## SIXTH CAUSE OF ACTION

9    **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

10    88.    Plaintiff realleges and incorporates by reference all of the allegations contained in

11    the preceding paragraphs as though fully set forth hereat.

12    89.    At all relevant times, Plaintiff and Class Members were employees or former

13    employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14    90.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members

15    were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

16    statement that accurately reflects, among other things, gross wages earned; total hours worked; net

17    wages earned; and all applicable hourly rates in effect during the pay period and the corresponding

18    number of hours worked at each hourly rate, among other things.

19    91.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

20    before the filing of the Complaint in this Action through the present, Defendants failed to comply

21    with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

22    failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

23    accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

24    and all applicable hourly rates in effect during the pay period and the corresponding number of hours

25    worked at each hourly rate, among other things.

26    92.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

27    wage statements was knowing, intentional, and willful. Defendants had the ability to provide

28    Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully

1  provided wage statements that Defendants knew were not accurate.

2      93.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
3  suffered injury.  The absence of accurate information on Class Members' wage statements at times
4  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and
5  mathematical computations to determine the amount of wages owed; causes difficulty and expense
6  in attempting to reconstruct time and pay records; and led to submission of inaccurate information
7  about wages and amounts deducted from wages to state and federal governmental agencies, among
8  other things.

9      94.      Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members
10  are entitled to recover $50 for the initial pay period during the period in which violation of Labor
11  Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent
12  pay period, not to exceed an aggregate $4,000.00 per employee.

13      95.      Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil
14  Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to
15  recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable
16  attorneys' fees, and costs of suit.

17                          **SEVENTH CAUSE OF ACTION**

18              **(Violation of Labor Code § 227.3 – Against All Defendants**

19      96.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in
20  the preceding paragraphs of this Complaint as though fully set forth hereon.

21      97.      According to Labor Code section 227.3, whenever a contract of employment or
22  employer policy provides for paid vacations, and an employee is terminated without having taken
23  off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in
24  accordance with such contract of employment or employer policy respecting eligibility or time
25  served.

26      98.      Plaintiff is informed and believes, and based thereon alleges that, at all times relevant
27  hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and
28  that Plaintiff's employment contract with Defendants included paid vacations.

99.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

100.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

101.    As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

102.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

103.    Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

104.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

105.    Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

106.    Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**NINTH CAUSE OF ACTION**

**(Violation of PAGA – Against All Defendants)**

107.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this First Amended Complaint as though fully set forth hereat.

108.    Labor Code section 204, requires and required that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

109.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

110.    At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a consistent policy or practice of failing to pay Plaintiff and during their employment on a timely basis as per Labor Code section 204.

111.    As a direct and proximate result of the herein-described Labor Code violations, and pursuant to Labor Code section 210, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred

23

1  dollars ($100) for each Aggrieved Employee for each initial violation per employee, and two

2  hundred dollars ($200) for each Aggrieved Employee for each subsequent violation in connection

3  with each payment that was made in violation of Labor Code section 204.

4    112.    Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a)

5  of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

6  per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for

7  each violation in a subsequent citation, for which the employer fails to provide the employee a wage

8  deduction statement or fails to keep the records required in subdivision (a) of Section 226."

9    113.    Labor Code section 226.3 further provides that "[t]he civil penalties provided for in

10  this section are in addition to any other penalty provided by law."

11    114.    At all relevant times herein, Plaintiff is informed and believes, and based thereon

12  alleges, that Defendants, and each of them, had and have a policy or practice of failing to comply

13  with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and

14  Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned;

15  total hours worked; net wages earned; the name and address of each employer with whom they have

16  been placed to work; all applicable hourly rates in effect during the pay period and the corresponding

17  number of hours worked at each hourly rate; the legal name of the employer and/or the name and

18  address of the legal entity securing the employer's services if the employer is a farm labor contractor;

19  and other such information as required by Labor Code section 226, subdivision (a).

20    115.    As a direct and proximate result of the herein-described Labor Code violations, and

21  pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to

22  recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the

23  amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the

24  initial violation, and one thousand dollars ($1000) for each Aggrieved Employee per pay period for

25  each subsequent violation.

26    116.    Labor Code section 558, subdivision (a) states: "Any employer or other person acting

27  on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours

28  and days of work in any of the Industrial Welfare Commission" shall be subject to a civil penalty as

follows:

    (1)    For any initial violation, fifty dollars ($50) for each underpaid employee and for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

    (2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

    (3)    Wages recovered pursuant to this section shall be paid to the affected employee."

117.    At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiff and other Aggrieved Employees not to: be paid overtime wages and minimum wages; receive meal and rest periods or compensation in lieu thereof; be paid timely wages during their employment and after their employment separation; receive accurate, itemized wage statements; be indemnified for work expenses incurred.

118.    As a direct and proximate result of the herein-described Labor Code violations, and pursuant to Labor Code section 558, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

119.    Labor Code section 1174, subdivision (b) states that every person employing labor in California is required to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

120.    Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

121.    Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years.  An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

122.    Labor Code section 1174.5 states that, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

123.    At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have willfully failed to maintain the records required by Labor Code subdivision (c), failed to maintain accurate and complete records required by Labor Code subdivision (d), and/or failed to allow inspection of records as required by Labor Code subdivision (b).

124.    As a direct and proximate result of the herein-described Labor Code violations, and pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

125.    Labor Code section 1197.1, subdivision (a) provides: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1)    For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2)    For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3)    Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

126.    At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, caused Plaintiff and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, for the reasons set forth herein, including, without limitation, for routinely failing to pay Plaintiff or other Aggrieved Employees' wages for all hours worked or otherwise under Defendants' control due to, without limitation, failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to come early to work and leave late work without being able to clock in for all that time, to suffer under Employer's control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls or drive off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; and failing to pay split shift premiums.  In addition, Employee and other aggrieved

27

1    employees were required to report to work, and did report, but were not put to work and/or were

2    furnished less than half their usual or scheduled day's work without being paid for half the usual or

3    scheduled work at their regular rate of pay

4    127.      As a direct and proximate result of the herein-described Labor Code violations, and

5    pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to

6    recover civil penalties for Defendants' herein-described Labor Code violations in the amount one

7    hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and

8    two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each

9    subsequent violation.

10    **Penalties for Violation of California Labor Code Section 2698, et seq.**

11    128.      Labor Code section 2699, subdivision (a), provides that, notwithstanding any other

12    provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed

13    and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or

14    employees for a violation of the Labor Code may, as an alternative, be recovered through a civil

15    action brought by an aggrieved employee on behalf of himself or herself and other current or former

16    employees pursuant to the procedures specified in Labor Code section 2699.3.

17    129.      Labor Code section 2699, subdivision (f), provides that for all provisions of the Labor

18    Code except those for which a civil penalty is specifically provided, the established civil penalty for

19    a violation of those provisions is as follows: if, at the time of the alleged violation, the person

20    employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved

21    employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

22    employee per pay period for each subsequent violation.

23    130.      At all relevant times herein, Plaintiff is informed and believes, and based thereon

24    alleges, that Defendants, and each of them, violated the Labor Code sections described herein,

25    including, without limitation, for the failure to: pay overtime wages and minimum wages; provide

26    meal and rest periods or compensation in lieu thereof; provide accurate, itemized wage statements;

27    keep and produce complete and accurate payroll and personnel records; pay timely wages during

28    employment and after the cessation of the employment relationship; provide employees the

1    opportunity to inspect employment records; reimburse Aggrieved Employees for costs incurred in

2    furtherance of their work duties as required under Labor Code section 2802; provide notice as

3    required under Labor Code section 2810.5; provide the proper accrual and use of paid sick leave;

4    paying employees all owed paid time off and vacation time owed by separation at the proper rate of

5    pay; placing restraints on competition, whistleblowing and freedom of speech; and failing to comply

6    with Covid-19 safety protocols set forth in Labor Code sections 6401, 6402, 6403 and 6409.6,

7    entitling Plaintiff and other Aggrieved Employees to civil penalties for each of these Labor Code

8    violations in the amounts set forth in Labor Code section 2699, subdivision (f).

9    131.    As a direct and proximate result of the herein-described Labor Code violations, and

10    pursuant to Labor Code section 2699, subdivision (g), among other authorities, Plaintiff and

11    similarly Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of

12    the herein and therein described Labor Code violations during the Civil Penalty Period in the amount

13    of one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation,

14    and two hundred dollars ($200) for each Aggrieved Employee per pay period for each subsequent

15    violation.

16    132.    Moreover, Plaintiff and Aggrieved Employees are also entitled to an award of

17    reasonable attorneys' fees and costs in connection with their herein-described claims for civil

18    penalties

19    **DEMAND FOR JURY TRIAL**

20    133.    Plaintiff demands a trial by jury on all causes of action contained herein.

21    **PRAYER**

22    WHEREFORE, on behalf of Plaintiff and Class Members and Aggrieved Employees,

23    Plaintiff prays for judgment against Defendants as follows:

24    A.    An order certifying this case as a Class Action;

25    B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's

26    counsel as class counsel;

27    C.    Damages for all wages earned and owed, including minimum, overtime wages and

28    unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

1    1194, 1197 and 1199 and 227.3;

2    D.    Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

3    E.    Damages for unpaid premium wages from missed meal and rest periods under,

4    among other Labor Code sections, 512, 558.1 and 226.7;

5    F.    Penalties for inaccurate wage statements under Labor Code sections 226,

6    subdivision (e) and 558.1;

7    G.    Waiting time penalties under Labor Code sections 203 and 558.1;

8    H.    Preliminary and permanent injunctions prohibiting Defendants from further

9    violating the California Labor Code and requiring the establishment of appropriate

10    and effective means to prevent future violations;

11    I.    An award of civil penalties pursuant to Labor Code sections 210, 226.3, 558,

12    1174.5, 1197.1, and 2699;

13    J.    An award of reasonable attorneys' fees and costs pursuant to Labor Code sections

14    210, 226.3, 558, 1174.5, 1197.1, and 2699;

15    K.    Restitution of wages and benefits due which were acquired by means of any unfair

16    business practice, according to proof;

17    L.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

18    M.    For attorneys' fees in prosecuting this action;

19    N.    For costs of suit incurred herein; and

20    O.    For such other and further relief as the Court deems just and proper.

21

22    Dated: December 1, 2021                    BIBIYAN LAW GROUP, P.C.

23

24

25                                             BY:
                                               JEFFREY D. KLEIN

26                                             Attorneys for Plaintiff AMOLAK DHALIWAL on
                                               behalf of himself and all others similarly situated and
27                                             aggrieved

28

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the County of Los Angeles, State of California. I am over the age of
    eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd,
4   Suite 500, Beverly Hills, California 90211.

5       On December 2, 2021, and pursuant to the California Code of Civil Procedure section
    1010.6, I caused a true and correct copy of the foregoing document(s) described as **FIRST**
6   **AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** to be served by
    electronic transmission to the below referenced electronic e-mail address as follows:

7
        Brooke Sikora Purcell
8       Luis Arias
        Sheppard, Mullin, Richter & Hampton LLP
9       A Limited Liability Partnership
        Including Professional Corporations
10      Four Embarcadero Center, 17th Floor
        San Francisco, California 94111-4109
11      Telephone: 415.434.9100
        Facsimile: 415.434.3947
12      bpurcell@sheppardmullin.com
        larias@sheppardmullin.com
13
        **Counsel for Defendant Ace Hardware Corporation**
14
        I declare under penalty of perjury under the laws of the State of California that the
15   foregoing is true and correct.

16      Executed on December 2, 2021, at Beverly Hills, California.

17

18

19                              Emanuel Munguia

20

21

22

23

24

25

26

27

28

Law Offices of
BRYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd, Suite 500
Beverly Hills, California 90211
(310) 435-6555

EXHIBIT I

ELECTRONICALLY FILED
Superior Court of California,
County of Placer
01/04/2022 at 03:25:14 PM
y: Marina C Olivarez Fuentes, Deputy Cle

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   BROOKE SIKORA PURCELL, Cal. Bar No. 260058
3  LUIS ARIAS, Cal. Bar No. 317819
   Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111-4109
   Telephone:    415.434.9100
5  Facsimile:    415.434.3947
   E mail         bpurcell@sheppardmullin.com
6                 larias@sheppardmullin.com

7  Attorneys for Defendant Ace Hardware
   Corporation

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF PLACER

11

12  AMOLAK DHALIWAL,                      Case No. S-CV-0047279

13              Plaintiff,                **DEFENDANT ACE HARDWARE
                                          CORPORATION'S ANSWER TO
14       v.                               PLAINTIFF'S FIRST AMENDED CLASS
                                          AND REPRESENTATIVE ACTION
15  ACE HARDWARE CORPORATION, a           COMPLAINT**
    Delaware corporation; DOUG
16  WOODMANSEE, an individual; and DOES 1
    through 100, inclusive,,
17                                        Complaint Filed: September 08, 2021
              Defendants.                 FAC Filed:       December 02, 2021
18

19

20

21

22

23

24

25

26

27

28

Defendant Ace Hardware Corporation ("Defendant") hereby answers First Amended Complaint ("FAC") filed on December 02, 2021 of Plaintiff Amolak Dhaliwal ("Plaintiff") as follows:

<u>**GENERAL DENIAL**</u>

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies each and every allegation of Plaintiff's unverified FAC. Defendant further denies, generally and specifically, that Plaintiff, or any similarly situated employee has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of the Defendant, or on the part of any of Defendant's agents, servants, employees, representatives or any other person or entity for whose acts Defendant is responsible.

<u>**AFFIRMATIVE DEFENSES**</u>

In further answer to Plaintiff's FAC, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

(Failure to State a Cause of Action)

1.     The FAC, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

(Primary Jurisdiction Doctrine)

2.     The FAC, and each and every purported cause of action alleged therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue his administrative remedies with the Division of Labor Standards Enforcement and/or Workforce Development Agency, which have primary jurisdiction over these claims.

/ / /

/ / /

/ / /

/ / /

-2-

1

**THIRD AFFIRMATIVE DEFENSE**

2

(Statute of Limitations)

3        3.        The FAC, and each and every purported cause of action alleged therein, is barred

4    by the applicable statute of limitations, including but not limited to California Code of Civil

5    Procedure sections 338, 339, 340, 343, California Business & Professions Code section 17208,

6    and California Labor Code Section 2699.3.

7

**FOURTH AFFIRMATIVE DEFENSE**

8

(Inadequacy of Class Representative)

9        4.        Defendant is informed and believes, and based upon such information and belief

10    alleges, that Plaintiff is not a proper or adequate representative of the class he purports to represent

11    and, accordingly, this action is not properly brought as a class action.

12

**FIFTH AFFIRMATIVE DEFENSE**

13

(Inadequacy of Class Counsel)

14        5.        Defendant is informed and believes, and based upon such information and belief

15    alleges, that Plaintiff's counsel is not adequate to serve as counsel for the proposed class and,

16    accordingly, this action is not properly brought as a class action.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

(No Commonality)

19        6.        Defendant is informed and believes, and based upon such information and belief

20    alleges, that individual questions of fact and law predominate, and there is a lack of common

21    issues of fact or law, and accordingly, this action is not properly brought as a class action.

22

**SEVENTH AFFIRMATIVE DEFENSE**

23

(Lack of Numerosity)

24        7.        Defendant is informed and believes, and based upon such information and belief

25    alleges, that Plaintiff cannot maintain a class action because the purported class is not sufficiently

26    numerous.

27

28

-3-

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Typicality)

8.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff cannot maintain a class action because Plaintiff's claims are not typical of the class he purports to represent.

**NINTH AFFIRMATIVE DEFENSE**

(No Ascertainable Class)

9.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff cannot properly bring this case as a class action because he has failed to plead an ascertainable class.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Superiority)

10.    Defendant is informed and believes, and based upon such information and belief alleges, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

11.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the FAC and lacks standing to represent the putative class and/or allegedly aggrieved employees. Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

/ / /

/ / /

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

(Laches)

12.    The FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because he did not act within a reasonable time in seeking the wages at issue, or otherwise reporting any alleged violation of wage and hour laws, and has unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

13.    Defendant alleges that the FAC, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands, to the extent that Plaintiff, allegedly aggrieved employees, and/or the putative class members, have engaged in any equitable behavior related to the claims alleged against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14.    Defendant is informed and believes that Plaintiff, allegedly aggrieved employees, and/or the putative class members, have waived some or all of the purported causes of action alleged in the FAC by virtue of their prior representations, actions, and/or inaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

15.    Defendant alleges that Plaintiff's FAC, and each cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff, allegedly aggrieved employees, and/or the putative class members, are estopped by their own conduct to assert any claims against or obtain any award from Defendant.

/ / /

/ / /

/ / /

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust)

16.     The FAC, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to him under the California Labor Code or other provisions of law or contract prior to commencing this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Consent)

17.     Defendant alleges that Plaintiff's FAC, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent, to the extent that Plaintiff, the allegedly aggrieved employees, and/or the putative class members, knowing and voluntarily consented to and/or participated in some or all of the conduct upon which the claims alleged against Defendant are based.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Justification)

18.     Any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

## NINETEENTH AFFIRMATIVE DEFENSE

(Unknown Conduct / Outside Course and Scope of Employment)

19.     Defendant alleges that the FAC, and each and every purported cause of action set forth therein, cannot be maintained against Defendant because if Plaintiff, the allegedly aggrieved employees, and/or the putative class members, took the actions alleged, such actions were committed outside the course and scope of such employment, were not authorized, adopted or ratified by Defendant, and/or Defendant did not know or nor should it have known of such conduct.

SMRH:4881-8130-0741.1

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND
REPRESENTATIVE  ACTION COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Set-Off / Offset / Recoupment)

20.    The FAC, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff, the allegedly aggrieved employees, and/or putative class members, have already been compensated for the hours worked and/or business expenses for which they seek compensation here.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

21.    Defendant alleges the FAC, and each and every purported cause of action alleged therein, is uncertain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Specificity)

22.    Defendant alleges Plaintiff has failed to allege special damages or any other damages with requisite specificity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code § 17200 *et seq*. - No Penalties)

23.    Defendant alleges that Plaintiff, the allegedly aggrieved employees, and/or the putative class members, cannot recover waiting time or other penalties, including under California Business and Professions Code section 17200 *et seq.*

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Business Practices Not Unlawful)

24.    Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq.*

/ / /

/ / /

/ / /

/ / /

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Attorneys' Fees)

25.    Defendant alleges that the FAC fails to state a claim for attorneys' fees, including but not limited to, under Labor Code sections 226, and 1194, Code of Civil Procedure 1021.5 and 1032, Business and Professions Code section 17200, *et seq.,* or under any other statute or provision.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(*Bona Fide* Dispute)

26.    Defendant alleges that Plaintiff's claims for penalties, including waiting time penalties under Labor Code section 203, are barred because (1) a good faith, *bona fide* dispute exists or existed as to whether additional compensation and/or expenses are actually due to Plaintiff, the allegedly aggrieved members, and/or the putative class members and, if so, the amount thereof, (2) Defendant has not intentionally or willfully failed to pay such additional compensation, and (3) to impose penalties in this action would be inequitable and unjust.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Labor Code § 203 – No Willful or Intentional Violation)

27.    Plaintiff and each allegedly aggrieved employee and/or putative class member, are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of Cal. Labor Code § 200, *et seq.,* but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of Cal. Labor Code § 200, *et seq.*

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Labor Code § 226 – No Knowing and Intentional Failure)

28.    Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each allegedly aggrieved employee and/or putative class member were not provided with a proper itemized statement of wages and deductions, Plaintiff, each allegedly aggrieved employee, and/or putative class member, are not

entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" and it violates due process to award civil penalties in circumstances where an essential element of the alleged Labor Code violation of a knowing and intentional failure has not been satisfied and/or to the extent there is a change in the law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

29.     Defendant alleges that, even assuming Plaintiff, allegedly aggrieved employees, and/or the putative class members, were not provided with a proper itemized statement of wages and deductions, Plaintiff, allegedly aggrieved employees, and/or putative class members, are not entitled to recover damages or penalties because Defendant alleges failure to comply with California Labor Code section 226 was the result of a clerical error or inadvertent mistake.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Labor Code § 226 – No Injury)

30.     Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each allegedly aggrieved employee and/or putative class member were entitled to receive and were not provided with an accurate itemized statement of wages and deductions, Plaintiff and each allegedly aggrieved employee, and/or putative class member, are not entitled to recover damages or penalties because Plaintiff, each allegedly aggrieved employee, and/or each putative class member have not suffered any injury as a result of any alleged inaccurate wage statements and it violates due process to award civil penalties when there has been no injury and/or Defendant pled this affirmative defense to the extent there is a change in the law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(*Res Judicata*, Bar and Merger, Settlement/Release)

31.     The FAC and each cause of action set forth therein, are barred, in whole or in part by the doctrine of res judicata or release, to the extent that any of the claims asserted in the

1    Complaint have been released, whether by Plaintiff, the LWDA, or by or on behalf of any of the

2    allegedly aggrieved employees and/or putative class members.

3                    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

4                              (Collateral Estoppel)

5           32.    The FAC, and each and every purported cause of action alleged therein, is barred,

6    in whole or in part, by the doctrine of collateral estoppel, to the extent that a previous final

7    judgment or a decision on a collateral issue has resolved Plaintiff's claims.

8                     **THIRTY-THIRD AFFIRMATIVE DEFENSE**

9                            (After-Acquired Evidence)

10          33.    Defendant is informed and believes, and based upon such information and belief,

11   alleges, that Plaintiff is barred, in whole or in part, from recovery of any damages based upon the

12   doctrine of after-acquired evidence.

13                   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

14                          (Violation of Due Process)

15          34.    Defendant alleges that treatment as a representative and class action as applied to

16   the facts and circumstances of this case, would constitute a denial of Defendant's due process

17   rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United

18   States Constitution and the California Constitution. Defendant further alleges that the penalties

19   Plaintiff demands are excessive and violate Defendant's due process rights in violation of the

20   Fourteenth Amendment to the United States Constitution and the California Constitution.

21                    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

22                          (Unconstitutional Wage Order)

23          35.    Defendant alleges that the FAC, and each and every purported cause of action

24   alleged therein, or some of them, are barred because the applicable wage orders of the Industrial

25   Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights

26   under the United States Constitution and the California Constitution as to, among other things, due

27   process.

28

SMRH:4881-8130-0741.1    DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND
                         REPRESENTATIVE  ACTION COMPLAINT

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure by Plaintiff to Follow Directions)

36.     Defendant is informed and believes that a reasonably opportunity for investigation and discovery will reveal, and on that basis allege, that any failure to comply with Defendant's work-time recording policies and/or reporting and/or overtime and/or meal break rules, or any other violation alleged in the FAC, was the result of failure by Plaintiff, each allegedly aggrieved employee, and/or each putative class member, to follow Defendant's reasonable instructions, and a breach of duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Binding Arbitration)

37.     Defendant alleges that the FAC, and each and every cause of action set forth therein, or some of them, cannot be maintained against Defendant to the extent the claims of Plaintiff, the allegedly aggrieved employees, and/or putative class members, are subject to binding agreements to arbitrate.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Bad Faith)

38.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Penalties or Liquidated Damages – Good Faith)

39.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or any Order of the Industrial Welfare Commission was an act or omission made in good faith; that Defendant had reasonable grounds for believing that it complied with all applicable laws; and that Plaintiff, the allegedly aggrieved employees, and/or putative class members, cannot recover penalties because

1    any alleged failure to pay wages or provide compliant wage statements was based on a good faith

2    dispute regarding the applicable law or facts.

3    **FORTIETH AFFIRMATIVE DEFENSE**

4    (No Entitlement to Prejudgment Interest)

5    40.    Defendant is informed and believes that further investigation and discovery will

6    reveal, and on that basis alleges, that the FAC fails to state a claim upon which prejudgment

7    interest may be granted because the damages claimed are not sufficiently certain to allow an award

8    of prejudgment interest.

9    **FORTY-FIRST AFFIRMATIVE DEFENSE**

10    (Avoidable Consequences)

11    41.    Defendant is informed and believes that further investigation and discovery will

12    reveal, and on that basis alleges, that the FAC, and each and every cause of action set forth therein,

13    or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences, to the

14    extent that Plaintiff, the allegedly aggrieved employees, and/or the putative class members,

15    unreasonably failed to use Defendant's preventative and corrective measures, which would have

16    prevented some or all of the harm allegedly suffered.

17    **FORTY-SECOND AFFIRMATIVE DEFENSE**

18    (No Private Right of Action)

19    42.    Defendant alleges that there is no private right of action to recover the penalties

20    sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for

21    seeking any such penalties.

22    **FORTY-THIRD AFFIRMATIVE DEFENSE**

23    (Failure to Provide Notice)

24    43.    Defendant alleges that Plaintiff failed to give sufficient written notice by online

25    filing with the Labor and Workforce Development Agency and by certified mail to the employer

26    of the specific provisions of the California Labor Code alleged to have been violated in this action,

27    including the facts and theories to support the alleged violations, and/or the names of the

28    "aggrieved employees" on whose behalf he intends to seek penalties pursuant to the Labor Code

-12-

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND
REPRESENTATIVE  ACTION COMPLAINT

1 │ Private Attorneys General Act, Labor Code Section 2698, *et seq.,* and Plaintiff's claims are thus

2 │ barred and/or limited by law.

3 │ **FORTY-FOURTH AFFIRMATIVE DEFENSE**

4 │ (Breach of Duty)

5 │     44.    Defendant is informed and believes that a reasonable opportunity for an

6 │ investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, and those of

7 │ any allegedly aggrieved employee and/or putative class members, are barred by their own breach

8 │ of the duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858

9 │ and/or 2859.

10 │ **FORTY-FIFTH AFFIRMATIVE DEFENSE**

11 │ (Lack of Knowledge)

12 │     45.    Defendant alleges it had no knowledge, and could not reasonably have known, of

13 │ any off-the clock work by Plaintiff, the putative class members, and/or the allegedly aggrieved

14 │ employees.

15 │ **FORTY-SIXTH AFFIRMATIVE DEFENSE**

16 │ (Concurrent Exclusive Jurisdiction)

17 │     46.    Plaintiff's causes of action against Defendant overlaps with, and/or are subsumed

18 │ by, the claims alleged in earlier-filed actions.  As a result, California Code of Civil Procedure

19 │ section 430.10 and/or the doctrine of exclusive concurrent jurisdiction require abatement of

20 │ Plaintiff's action.

21 │ **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

22 │ (Accord and Satisfaction)

23 │     47.    Defendant alleges that Plaintiff, the allegedly aggrieved employees, and/or putative

24 │ class members' claims have been released, settled, satisfied, extinguished, and/or supported by

25 │ adequate consideration in full accord and satisfaction of all of Defendant alleges obligations.

26

27

28

SMRH:4881-8130-0741.1

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(De Minimis)

48.     Defendant alleges that the FAC and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant acts or omissions, if any, and the alleged time involved and/or damages are *de minimis.*

## FORTY-NINTH AFFIRMATIVE DEFENSE

(PAGA – Unmanageable)

49.     Plaintiff's representative action claims against Defendant are barred, in whole or in part, on the grounds that Plaintiff's cause of action against Defendant cannot be effectively managed or determined in the form of a representative action under the Labor Code Private Attorney's General Act of 2004 without violating Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and Section 7 of the California Constitution by, among other things, depriving Defendant of its right to present defenses to individual claims of each of the individuals whom Plaintiff seeks to represent in a representative action under the Labor Code Private Attorney's General Act of 2004.

## FIFTIETH AFFIRMATIVE DEFENSE

(PAGA – Unauthorized Delegation of Power)

50.     PAGA, which authorizes employees to file private actions against an employer and recover excessive penalties, three-quarters of which are paid to an executive agency of the State of California, constitutes an unlawful delegation of power in violation of the California Constitution.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

(PAGA – Lack of Standing)

51.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein; or to bring claims for any civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Private Attorneys General Act, Labor Code section 2698, *et seq.,* or Plaintiff otherwise lacks standing.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(PAGA – Unjust Enrichment)

52.     Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, is not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims as such duplicative recovery is barred and constitutes unjust enrichment.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(PAGA – Unconstitutional)

53.     Defendant alleges that the FAC and each cause of action alleged therein are barred because the Private Attorneys General Act, Labor Code section 2698 *et seq.,* is unconstitutionally vague and overbroad as applied to the Complaint and circumstances of this case.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(Excessive Penalties Unconstitutional)

54.     Defendant is informed and believes and, based on such information and belief, alleges, that the penalties claimed by Plaintiff in this case are excessive and thus violate Defendant's rights under the state and federal Constitutions.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Violation of Due Process)

55.     Defendant alleges that the penalties imposed by PAGA are excessive, and that the prosecution of a representative action on behalf of the general public as applied to the facts and circumstances of this case would constitute a denial of Defendant's due process rights, both substantive and procedural, guaranteed by Article I, section 7 and Amendment 8 of the California Constitution and in violation of the Fourteenth Amendment to the United States Constitution.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

(No Individual Liability Under PAGA)

56.     Plaintiff's claims and those of the alleged aggrieved employees, are barred, in whole or in part, because PAGA does not provide a private right of action against individual employees.

-15-

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

(CA Labor Code Section § 2699(e)(2))

57.    Defendant alleges that the penalties sought in Plaintiff's FAC would result in an award that is unjust, arbitrary, oppressive or confiscatory, and Plaintiff and/or the allegedly aggrieved employees should therefore not recover damages or in the alternative, any award of damages should be reduced in an amount determined by the court.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

(CA Labor Code Section § 2699(f) – Default Civil Penalties)

58.    Defendant is informed and believes and, based on such information and belief, alleges, that Plaintiff and/or the purportedly aggrieved employees are not entitled to recovery of default civil penalties under Labor Code section 2699(f) for the alleged violation of Labor Code sections for which civil penalties are specifically provided.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

(CA Labor Code Section § 2699(f) – Initial Violation)

59.    Defendant is informed and believes and, based on such information and belief, alleges, that insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to any of Plaintiff's Labor Code claims, any civil penalties awarded to Plaintiff and/or the purportedly aggrieved employees under the PAGA must be limited to those penalties applicable to an initial violation.

**SIXTIETH AFFIRMATIVE DEFENSE**

(Lawful Policy)

60.    Defendant is not liable for the unpaid wages alleged by Plaintiff, the putative class members and/or the allegedly aggrieved employees. Defendant's policies complied with California law because it is fair and neutral on its face and compensates employees for all time worked. *See See's Candy Shops, Inc. v. Superior Court,* 210 Cal. App. 4th 889 (2012).

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

61.     Defendant alleges Plaintiff, allegedly aggrieved employees, and/or the putative class members, are not entitled to equitable relief insofar as they have adequate remedies at law.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Opportunity to Take Meal Periods)

62.     To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendant is not liable for failure to provide a meal period because it permitted the employees a bona fide opportunity to take a compliant meal period but the employees voluntarily chose not to take the meal period Defendant provided.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

63.     Defendant is informed and believes that Plaintiff, any allegedly aggrieved employees, and/or putative class members, have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

### (Expenses Not Subject to Reimbursement)

64.     Defendant alleges that if Plaintiff, the allegedly aggrieved employees, and/or the putative class members, incurred any alleged expenditure, such expenditure was not necessary and/or was not the direct consequence of the discharge of his/their duties related to their employment.

/ / /

/ / /

/ / /

/ / /

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

(Business Expenses Unjust Enrichment)

65.       Defendant is informed and believes and on that basis alleges that a reasonable opportunity for investigation and discovery will reveal that Plaintiff, the allegedly aggrieved employees, and/or each putative class member, did not necessarily incur "expenditures and losses" as defined under California Labor section 2802 and any award of such expenditures and/or losses would unjustly enrich Plaintiff, and each allegedly aggrieved employee and/or putative class member.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

(Labor Code § 2802 – Does Not Include Penalties)

66.       Defendant alleges that, even assuming, *arguendo,* that Plaintiff and/or the allegedly aggrieved employees are entitled to indemnification for certain expenses pursuant to California Labor Code section 2802, Plaintiff, and each putative class member and/or allegedly aggrieved employee, are only entitled to indemnification for "necessary expenditures and losses," as defined under California Labor Code section 2802, which does not include penalties.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

(Failure to Identify)

67.       Defendant alleges that Plaintiff failed to identify any other allegedly aggrieved employees, as provided in the Labor Code Private Attorneys General Act, Labor Code section 2698, et seq., and such claims are thus barred and/or limited by law.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.       That the First Amended Complaint be dismissed with prejudice in its entirety;

2.       That Plaintiff takes nothing by reason of the First Amended Complaint;

-18-

1          3.       That Defendant be awarded its costs of suit and reasonable attorneys' fees to the

2    extent provided by law; and,

3          4.       For such other and further relief as the Court may deem just and proper.

4    Dated:  January 04, 2022

5                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7                              By

8                                        BROOKE SIKORA PURCELL
                                         LUIS ARIAS
9                                        Attorneys for Ace Hardware Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4881-8130-0741.1
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND
REPRESENTATIVE  ACTION COMPLAINT

<u>PROOF OF SERVICE</u>

**Amolak Dhaliwal v. Ace Hardware Corporation**
**S-CV-0047279**

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On January 04, 2022, I served true copies of the following document(s) described as **DEFENDANT ACE HARDWARE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties in this action as follows:

Bibiyan Law Group, P.C.                          *Attorneys for Plaintiff Amolak Dhaliwal*
David D. Bibiyan
Jeffrey D. Klein
Diego Aviles
8484 Wilshire Boulevard, Suite 500
Beverly Hills, CA  90211
Telephone: (310) 438-5555
Facsimile : (310) 300-1705

Email:  david@tomorrowlaw.com
           jeff@tomorrowlaw.com
           diego@tomorrowlaw.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 04, 2022, at San Francisco, California.

_____
Lydia Arago Schou

-20-