BIBIYAN LAW GROUP, P.C.
DAVID D. BIBIYAN Cal. Bar No. 287811
JEFFREY D. KLEIN Cal. Bar No. 297296
DIEGO AVILES Cal. Bar No. 315533
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California  90211
Telephone: 310.438.5555
Facsimile : 310.300.1705
Email:         david@tomorrowlaw.com
               jeff@tomorrowlaw.com
               diego@tomorrowlaw.com

Attorneys for Plaintiff
AMOLAK DHALIWAL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BROOKE SIKORA PURCELL, Cal. Bar No. 260058
LUIS ARIAS, Cal. Bar No. 317819
SHAYLA M. GRIFFIN, Cal. Bar No. 339821
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        bpurcell@sheppardmullin.com
              larias@sheppardmullin.com
              smgriffin@sheppardmullin.com

Attorneys for Defendant
ACE HARDWARE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOLAK DHALIWAL,<br><br>Plaintiff,<br><br>v.<br><br>ACE HARDWARE CORPORATION, a Delaware corporation; DOUG WOODMANSEE, an individual; and DOES 1 through 100, inclusive,,<br><br>Defendants. | Case No. 2:22-cv-00446-TLN-KJN<br><br>*Assigned to the Hon. Troy L. Nunley, Courtroom 2*<br><br>**JOINT STIPULATION TO CONTINUE F.R.C.P. RULE 26 DEADLINES; AND ORDER**<br><br>*[Removed from Placer County Superior Court Case No. S-CV-0047279]*<br><br>State Action Filed: September 8, 2021<br>Removal Date:     March 10, 2022<br>Trial Date:       None Set |

Case No. 2:22-cv-00446-TLN-KJN

JOINT STIPULATION TO CONTINUE RULE 26 DEADLINES; AND ORDER

**IT IS HEREBY STIPULATED** by and between Plaintiff AMOLAK DHALIWAL ("Plaintiff") and Defendant ACE HARDWARE CORPORATION ("Defendant") (collectively referred to herein as the "Parties"), by and through their respective counsel of record, that the Parties will continue the Federal Rules of Civil Procedure, Rule 26(f) Conference, Rule 26(f) Joint Report, and Rule 26(a) initial disclosure deadlines until 30 days after this court's ruling on Plaintiff's Motion to Remand, as follows:

WHEREAS, Plaintiff filed the operative Complaint, the First Amended Class and Representative Action Complaint ("FAC"), in Placer County Superior Court on December 2, 2021, Case No. S-CV-0047279, alleging the following causes of action: failure to pay overtime wages; failure to pay minimum wages; failure to provide meal periods; failure to provide rest periods; waiting time penalties; wage statement violations; violation of Cal. Lab. Code § 227.3; Unfair Competition; and, Civil Penalties under the Labor Code Private Attorneys' General Act of 2004;

WHEREAS, Defendant filed its Answer to Plaintiff's FAC on January 4, 2022;

WHEREAS, Defendant filed a Notice of Removal to the Eastern District Court of California on March 10, 2022, pursuant to the Class Action Fairness Act ("CAFA");

WHEREAS, Plaintiff filed a Motion to Remand this Action to State Court on April 8, 2022, Defendant filed its Opposition to Plaintiff's Motion to Remand on April 22, 2022, and Plaintiff filed his Reply on April 29, 2022;

WHEREAS, on April 25, 2022, the Court issued a Minute Order, on the Court's own motion, ordering that Plaintiff's Motion to Remand is submitted without oral argument, and vacating the hearing set for May 19, 2022;

WHEREAS, Defendant's counsel and Plaintiff's counsel engaged in a conference call on May 5, 2022, to discuss the upcoming deadlines and timing related to Rule 26;

WHEREAS, Defendant's counsel and Plaintiff's counsel agreed on the May 5, 2022, call that in order to conserve resources, in the event that this action is remanded to state court, the Parties stipulate to continue the deadline for the Rule 26(f) conference, the Rule 26(f) Joint Report, and the Rule 26(a) initial disclosures until 30 days after the Court issues its order on Plaintiff's Motion to Remand;

WHEREAS, good cause exists for the Parties to continue their Rule 26(f) conference and related deadlines in order to preserve party resources; and

WHEREAS, should the case not be remanded and a scheduling order is provided, the Parties request that the Court take into account this stay to conserve resources pending the ruling on Plaintiff's Motion to Remand and provide additional time for any deadlines that may ultimately be set in a future 26(f) scheduling order.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, that the Rule 26(f) Conference, the Rule 26(f) Joint Report, and the Rule 26(a) initial disclosure deadlines are continued until 30 days after the Court issues its order on Plaintiff's Motion to Remand. The Parties request that the Court take this continuance to conserve resources into account and provide additional time for any deadlines that may ultimately be set in a future 26(f) scheduling order.

**IT IS SO STIPULATED.**

Dated: May 19, 2022            Respectfully submitted,
                               BIBIYAN LAW GROUP, P.C.


                               By:      */s/ Jeffrey D. Klein* (as authorized on 5/18/22)
                                            DAVID D. BIBIYAN
                                            JEFFREY D. KLEIN
                                            DIEGO AVILES

                                        Attorneys for Plaintiff
                                        AMOLAK DHALIWAL

Dated: May 19, 2022            Respectfully submitted,
                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                               By:            */s/ Luis Arias*
                                            BROOKE S. PURCELL
                                            LUIS ARIAS
                                            SHAYLA M. GRIFFIN

                                        Attorneys for Defendant
                                        ACE HARDWARE CORPORATION

**ORDER**

With good cause appearing, and pursuant to the Joint Stipulation, the Court approves the Joint Stipulation and it is hereby ordered that: the Rule 26(f) Conference, the Rule 26(f) Joint Report, and the Rule 26(a) initial disclosure deadlines are continued until 30 days after the Court issues its order on Plaintiff's Motion to Remand. Should the case not be remanded, the Court will take this stay to conserve resources into account and thus provide additional time for any deadlines that may ultimately be set in a future 26(f) scheduling order.

**IT IS SO ORDERED.**

Dated: May 20, 2022

Troy L. Nunley
United States District Judge